368 So.2d 1263 (1979)
Lonnie M. CANE
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION and Piney Woods School.
No. 51065.
Supreme Court of Mississippi.
March 28, 1979.
Charles H. Ramberg, Christopher A. Tabb, Brandon, for appellant.
Leo T. Aragon, Jackson, for appellee.
Before PATTERSON, BROOM and BOWLING, JJ.
BROOM, Justice, for the Court:
Unemployment compensation (interstate) was applied for by Lonnie M. Cane (appellant) and denied by the Claims Examiner, whose decision was affirmed by the Board of Review. Cane appealed the decision to the Circuit Court of Rankin County, which court affirmed the denial of his claim. We reverse.
The dispositive issue is: Was Cane's appeal timely made pursuant to Mississippi Code Annotated § 71-5-517 (Supp. 1978), which in its pertinent part provides:
The claimant or any party to the initial determination or amended initial determination may file an appeal from such initial determination or amended initial determination within fourteen (14) days after notification thereof, or after the date such notification was mailed to his last known address.
The facts are largely undisputed. Cane applied for unemployment compensation based upon his employment at Piney Woods School in Rankin County, Mississippi. His first application dated June 2, 1977, was filed in Tennessee, giving his address as 4411 Tennessee Avenue, No. 8, Nashville, Tennessee, where he had moved from Mississippi. He continued to make claims at intervals throughout June and July 1977. When he filed his claim form dated August 8, 1977, for the week ending August 6, 1977, he had checked the "Yes" box in response to the question: "Have you moved since you last filed a claim?", and had placed his new address in the blanks provided for the mailing address. The Mississippi Employment Security Commission received this form on August 11, 1977, and Cane's applications thereafter were from the new address. The Mississippi office mailed to Cane a "Notice of Non-Monetary Decision" but it was mailed to Cane's old address, 4411 Tennessee Avenue, Nashville, Tennessee, and Cane received that notice on or about August 26, 1977. Cane appealed the decision, filing his appeal with the Commission on September 8, 1977. The Chief Appeals Referee of the Mississippi Employment Security Commission dismissed Cane's appeal, giving the following reasons:
The notice to claimant of disqualification was mailed to his last known address on August 22, 1977. His appeal was not filed until September 8, 1977. The appeal *1264 obviously, was not filed within the 14 days time limit for filing an appeal as provided in the law.
The determination of the claims examiner, therefore, has become final and the referee is without jurisdiction in the matter. The appeal is consequently, dismissed.
We think that the administrative agencies and the circuit court below erroneously construed § 71-5-517, supra, which provides that the claimant may appeal "within fourteen (14) days after notification thereof, or after the date such notification was mailed to his last known address."
Established by this record is the fact that the notification that his claim had been rejected was not mailed to Cane's last known (his new) address but, instead, it was mailed to his previous Tennessee Avenue address. As previously stated herein, Cane notified the Employment Security Commission on August 6 that his address had been changed from Tennessee Avenue to Hillview Heights. No longer was the Tennessee Avenue address his "last known" address; it became "Hillview Heights." The change of address information was received by the Mississippi Employment Security Commission on August 11, 1977, but, in spite of this, the Commission sent the notice (dated August 22, 1977) that his claim had been rejected to Cane at his old (not his "last known") "Tennessee Avenue" address. After he had actually received the unfavorable notice (on August 26, 1977), which was forwarded Cane from his old "Tennessee Avenue" address to his new "Hillview Heights" address, Cane filed his appeal with the Commission on September 8, 1977, thirteen days (less than fourteen days) "after notification thereof," as required by the statute.
It is true that he did not appeal within fourteen days "after the date such notification was mailed to his last known address" (the notification was mailed August 22, 1978). He could not do so because, unfortunately, the Mississippi Employment Security Commission never mailed Cane the notification of their unfavorable action on his claim to his last known address. Even though the Commission had been notified of his new or changed address, it mailed the notification to his old Tennessee Avenue address, his previous address, which was no longer his "last known address." His "last known address" had become 816 Hillview Heights. Obviously, mailing the notification to the wrong address was an inadvertent mistake on the part of the Commission, but it would be unfair to penalize Cane because of a mistake not of his own making. Inasmuch as the notification was not "mailed to his last known address," the fourteen day time frame within which he had the right to appeal did not begin to run from the mailing of the notification, but rather, under § 71-5-517, supra, it began to run "after notification thereof." Clearly "notification thereof" as the language is used in § 71-5-517 means the date claimant received notification which occurred on August 26, 1977. Having received notification on August 26, 1977, Cane appealed on September 8, 1977, within fourteen days from notification.
Upon this record, we think that Cane is entitled to have his claim heard on the merits and adjudicated in the light of proof which he may develop at the hearing. According to the proof, he may or may not be entitled to any award but he is entitled to a hearing as provided by the statutes.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P.J.J., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.