630 So.2d 1000 (1994)
Sammy L. WILKERSON
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION.
No. 91-CC-0907.
Supreme Court of Mississippi.
January 20, 1994.
Walterine Langford, Vicksburg, for appellant.
Fred J. Lotterhos, Jr., Jackson, for appellee.
En Banc.
*1001 BANKS, Justice, for the Court:
Here, we confront the question of whether the Mississippi Employment Security Commission may extend the statutory time limits for appeals, absent a showing of some event not caused by a party affecting that party's substantial rights. We hold that it may not, and we reverse the judgment of the circuit court and that of the Mississippi Employment Security Commission.

I.
On January 4, 1990, Wilkerson filed an initial claim for benefits under Mississippi Employment Security Law. On January 18, 1990, the Claim Examiner notified Anderson Tully that benefits paid to Wilkerson were chargeable proportionately to its experience-rating period. On February 2, 1990, fifteen (15) days after notification, the employer filed an appeal contesting the award of benefits. On May 3, 1990, a hearing was held before the Appeals Referee. At the outset of the hearing, Wilkerson contested the appeal based upon the failure of the employer to file within the 14-day prescribed time period. The Appeals Referee noted the objection for the record, but made no determination on the timeliness of the appeal. On May 7, 1990, the Appeals Referee submitted his findings which stated: "It is the opinion of the Referee in this case, that we have diametrically opposite testimony. The Referee, however, finds the testimony of the employer representatives to be the more credible." That opinion was amended on May 10, 1990, to correct the date of Wilkerson's disqualification from benefits.
On July 13, 1990, Wilkerson filed an appeal to the Circuit Court of Warren County alleging that: 1) the appeal was untimely filed and, 2) that the Appeals Referee's decision was not supported by substantial evidence. On February 7, 1991, the circuit court found that there was sufficient evidence to support misconduct; however, he remanded the case for findings of fact on the timeliness of the employer's appeal. On February 21, 1991, the Board of Review rendered its decision stating that the notice was timely filed, even though it was not within the 14-day time period because "[a]t the time the employer filed this appeal the Board of Review was allowing an additional mailing time of three days and had instructed Referees to accept appeals filed within seventeen days of the date of mailing of notification by the Claim Examiner as being timely filed."
On March 11, 1991, Wilkerson appealed again to the circuit court on the issue of timely notice. The circuit court found that the policy of the Board which allowed three days for delivery of the mail (notification) is consistent with the statute governing appeals under Mississippi Code 1972 Annotated section 71-5-519, which he construed to allow two deadlines after which a determination will be found to be final: fourteen days after notification or mailing. Wilkerson perfected a timely appeal to this court asserting the single issue of the timeliness of the initial appeal.

II.
In support of its contention that the appeal was filed timely, the MESC argues that its Appeals Referees were told to extend the statutory fourteen-day time frame to seventeen days, since the policy of the Board of Review of allowing three (3) days for delivery of the mail (Notification) is consistent with the statute which allows two deadlines: notification or mailing. Wilkerson argues that this unwritten practice exceeds the Commission's statutory authority. Wilkerson's argument has merit.
The Mississippi Employment Security Commission is an administrative agency created by statute which has "only such powers as are expressly granted to [it] or necessarily implied in [its] grant of authority." State ex rel. Pittman v. Mississippi Pub. Serv. Comm'n, 538 So.2d 367, 373 (Miss. 1989); State ex rel. Pittman v. Mississippi Public Serv. Comm'n, 520 So.2d 1355, 1358 (Miss. 1987); Farrish Gravel Co., Inc. v. Mississippi State Highway Comm'n, 458 So.2d 1066, 1068 (Miss. 1984); Strong v. Bostick, 420 So.2d 1356, 1361 (Miss. 1982); Golding v. Salter, 234 Miss. 567, 584, 107 So.2d 348, 354 (1958). If an administrative agency exercises power that is not expressly granted or necessarily implied, then the agency's decision is *1002 void. State ex rel. Pittman, 538 So.2d at 373 citing Farrish Gravel Co., Inc., 458 So.2d at 1068.
Section 71-5-517, Mississippi Code 1972 Annotated, provides that "[t]he claimant or any party to the initial determination or amended initial determination may file an appeal from such determination within fourteen (14) days after notification thereof, or after the date such notification was mailed to his last known address." We interpreted section 71-5-517 in Cane v. Mississippi Employment Security Commission, 368 So.2d 1263 (Miss. 1979). In Cane, although the claimant sent a change of address form to the Employment Security Commission after he moved on August 22, 1977, his disqualification for benefits was mailed to his previous address. On August 26, 1977, Cane received the notice which was forwarded from his previous address. On September 8, 1977, he filed an appeal. The Appeals Referee and the circuit court found that Cane's appeal was untimely since it was "not filed within the 14-days time limit for filing an appeal as provided in the law." Id. at 1264. In reversing the Board's decision, we stated that:
[o]bviously, mailing the notification to the wrong address was an inadvertent mistake on the part of the Commission, but it would be unfair to penalize Cane because of a mistake not of his own making. Inasmuch as the notification was not "mailed to his last known address," the fourteen day time frame within which he had the right to appeal did not begin to run from the mailing of the notification, but rather, under § 71-5-517, supra, it began to run "after notification thereof." Clearly "notification thereof" as the language is used in § 71-5-517 means the date claimant received notification which occurred on August 26, 1977. Having received notification on August 26, 1977, Cane appealed on September 8, 1977, within fourteen days from notification.
Cane, 368 So.2d at 1264 (emphasis in the original).
In Cane, we intimated that if notification had been sent to Cane's correct last known address, then the time limit to file the appeal would have begun to run from the mailing of the notification. Here, neither the employer nor the Commission contends that notification was not mailed to the employer's last known address. Instead the Commission asserts that at the time of the appeal, its practice was to allow an additional three days.
Mississippi Unemployment Compensation statutory scheme does not contain a provision which gives the Commission the power to modify the statute by arbitrarily or capriciously adding three days to the time for appeal. Since the statute "is clear and unambiguous, no room exists for judicial construction, and the courts are obligated to apply the clear meaning of the statute." Bronner v. Gatewood, 512 So.2d 102, 105-06 (Ala. Civ. App. 1986) citing East Montgomery Water Sewer & Fire Protection Auth. v. Water Works & Sanitary Sewer Bd., 474 So.2d 1088 (Ala. 1985). "In civil cases, we have refused to accept any excuse for not filing a notice in a timely fashion." Benbow v. State, 614 So.2d 398 (Miss. 1993) citing Tandy Electronics, Inc. v. Fletcher, 554 So.2d 308 (Miss. 1989) (Rule which requires notice of appeal to be filed within thirty days must be strictly construed to avoid official arbitrariness).
Assuming that the statute can be read to confer power upon the Commission, giving it the flexibility to relax the standard, it should, at a minimum, do so by published rule and not by an unwritten practice subject to ad hoc and sporadic application. We have no quarrel, either, with a relaxation of the standard for "good cause" as exemplified in Cane. However, neither written rule nor "good cause" is shown here.
We interpret section 71-5-517 to mean that a party to the initial determination, claimant or employer, has fourteen days from the time that the notification is mailed to appeal to the Board of Review. Only if the notification is by means other than mail to the party's last known address will the time begin to run upon notification of the claim.
Applying this interpretation here, it is undisputed that Anderson Tully received notification of the appeal on January 18, 1990, it did not file its appeal until February 2, 1990, *1003 fifteen (15) days following the mailing date of notification. The appeal was filed untimely and as such, by statute, the ruling of the Claims Examiner became the final determination.
Accordingly, the decision of the circuit court is reversed, and judgment is rendered here for the Appellant, Sammy L. Wilkerson.
REVERSED AND RENDERED.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, McRAE and JAMES L. ROBERTS, Jr., JJ., concur.
DAN M. LEE, P.J., dissents with separate written opinion, joined by SMITH, J.
DAN M. LEE, Presiding Justice, dissenting:
I agree with the position of the majority that the Mississippi Employment Security Commission cannot arbitrarily alter time periods mandated by statute. Unfortunately, the time period set out in § 71-5-517 is less than precise. It does not make clear when the 14-day period for filing an appeal begins to run. Because I believe that the interpretation adopted by the majority will prove just as arbitrary in practice as the ad hoc three day extension it criticizes so strongly, I must dissent.
The statute provides that an appeal must be filed "within fourteen (14) days after notification thereof, or after the date such notification was mailed to his last-known address." Obviously, the time period cannot begin on both the date of notification and the date of mailing. The task of finally interpreting imprecise statutes falls on this Court. In carrying out this duty, we must first strive towards that result which will best further the legislative policy. Equally importantly, We must always assume that the Legislature's goal was to implement its policy in a rational, practical manner.
In my opinion, it makes little sense to start the time period on the date of mailing. As other rules dealing with time limits demonstrate, the best course is to define the period with reference to the party being notified. We have previously applied this logic to the statute in question in Cane v. Miss. Employment Sec Comm'n, 368 So.2d 1263 (1979), wherein we held that receipt of notification was the proper starting point for calculating the 14-day period. To me it is no better to allow the period to be shortened by variances in mail delivery (or worse yet, by arbitrary manipulation by the sender) than it is to allow it to be extended by unwritten rule of the Commission. Fairness requires that the party being notified be entitled to the full 14-day period (and no more) to respond. The only way to ensure this is to start the clock on the date of notification.
Turning to the case sub judice, Anderson Tully filed its appeal fifteen days after the date of mailing. Thus, even assuming next day delivery, the filing was within 14 days of notification. Accordingly and consistent with the reasoning in Cane, I would affirm.
SMITH, J., joins this opinion.