# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1998-SA-01538-SCT

*CITY OF TUPELO, MISSISSIPPI*

*v.*

*MISSISSIPPI EMPLOYMENT SECURITY COMMISSION AND PEGGY L. THOMPSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/21/1998 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER, III |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | TACEY CLARK CLAYTON |
| | WILLIAM HULL DAVIS, JR |
| | ELIZABETH SCHLATER MITCHELL |
| ATTORNEYS FOR APPELLEES: | MARK D. RAY |
| | JIM WAIDE |
| | ALBERT B. WHITE |
| | DAVID CHANDLER |
| | VICTOR ISRAEL FLEITAS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 10/07/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/28/99 |

## BEFORE PITTMAN, P.J., AND MILLS AND WALLER, JJ.

## MILLS, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. After being terminated by her employer, the City of Tupelo (hereinafter the City), in March of 1998, Peggy L. Thompson filed a claim for unemployment benefits. In April of 1998 the Claims Examiner disqualified Thompson for the unemployment benefits. Thompson appealed the Claims Examiner's ruling, and a hearing was held before the Mississippi Employment Security Commission Appeals Referee on May 13, 1998. On May 19, 1998, the Appeals Referee reversed the Claims Examiner's finding and ruled that Thompson was not guilty of misconduct.

¶2. The City filed an appeal with the Mississippi Employment Security Commission Board of Review. The Board of Review determined that City's appeal filed on June 4, 1998 was untimely; subsequently, the Appeals Referee's decision had become final. The Board of Review dismissed the appeal. The Circuit Court of Lee County affirmed the Board of Review's decision on the same ground that City had failed to file

its Notice of Appeal within fourteen (14) days of the mailing of the Appeals Referee's decision. Neither the Board of Review nor the circuit court addressed the merits of Thompson's dismissal. From the circuit court's judgment affirming the Board of Review's dismissal, the City appeals to this Court assigning the following as error:

**I. Whether the City of Tupelo's appeal of the Referee's decision was untimely pursuant to *M.C.A.* section 71-5-519, such that dismissal by the Board of Review was proper?**

**II. Whether the City of Tupelo should be granted the opportunity to argue the issue of Thompson's dismissal for good cause?**

**III. Whether Thompson's dismissal was for good cause within the parameters of *M.C.A. § 71-5-513?***

## STATEMENT OF FACTS

¶3. Peggy L. Thompson had worked for the City of Tupelo as a police officer for six and one-half years when she was terminated in March of 1998. The termination occurred after the police department determined that Thompson falsely reported the circumstances of an auto accident in which she was involved while on patrol. Thompson subsequently filed for unemployment benefits.

¶4. On April 1, 1998, the Claims Examiner disqualified Thompson for unemployment benefits based upon her alleged misconduct regarding the auto accident pursuant to Miss. Code Ann. § 71-5-513A(1)(b)(Supp. 1999). Thompson then filed her notice of appeal from that determination on April 14, 1998. The notices of the appeal were mailed to the City at "City of Tupelo, 220 North Front Street, Tupelo, MS 38801; and to "UCCS Inc., 356 HWY 51 STE A, Ridgeland, MS 39157." A hearing was held before the Mississippi Employment Security Commission Appeals Referee on May 13, 1998. Thompson was represented by her attorney, Jim Waide, and the City was represented by Diane Johnson of Unemployment Compensation Control ("UCCS") of Ridgeland, MS.

¶5. The Referee made his decision on May 19, 1998 finding that the City had failed to meet its burden of proving that Thompson was terminated for disqualifying misconduct. The Referee's decision was mailed on May 19, 1998 to the City at 220 North Front Street, Tupelo, MS 38801 and to the City's representative, Diane Johnson, at the UCCS, Inc., 396 HWY 51 STE A, Ridgeland, MS 39157, the same two addresses to which Thompson's notice of appeal to the Appeals Referee was mailed.

¶6. The City filed its notice of appeal to the Mississippi Employment Security Commission Board of Review on June 4, 1998. The Board of Review dismissed the appeal as untimely. The Board of Review's decision reads in pertinent part:

Section 71-5-519 of the Mississippi Code provides that the decision of the Referee shall become the final decision of the Board of Review unless an appeal is filed within fourteen (14) days after the date of notification or mailing of such decision. The Referee's decision was mailed to all interested parties to their last known address on May 19, 1998. The appeal was not filed to the Board of Review until June 4, 1998. The Referee's decision has become final and the appeal is herewith dismissed.

The appeal, in fact, was filed two (2) days in excess of the fourteen (14) day period.

<u>ANALYSIS</u>

**I. WHETHER THE CITY OF TUPELO'S APPEAL OF THE REFEREE'S DECISION WAS UNTIMELY PURSUANT TO *M.C.A.* SECTION 71-5-519, SUCH THAT DISMISSAL BY THE BOARD OF REVIEW WAS PROPER?**

¶7. The City of Tupelo's first and most significant concern is the question of whether its appeal of the Referee's decision to the Board of Review was filed in a timely manner under Miss. Code Ann. § 71-5-519 (1995). That statute reads:

> Unless such appeal is withdrawn, an appeal tribunal, after affording the parties reasonable opportunity for fair hearing, shall affirm, modify or reverse the findings of fact and initial determination or amended initial determination. The parties shall be duly notified of such tribunal's decision, together with its reasons therefor, which shall be deemed to be the final decision of the board of review unless, within fourteen (14) day after the date of notification or mailing of such decision, further appeal is initiated pursuant to section 71-5-523.

Miss. Code Ann. § 71-5-519 (1995).

¶8. The City argues that it was not given reasonable notice of the Referee's decision and therefore could not file an appeal with the fourteen (14) day time period. We have indicated that there is a due process component to the notice provided by the Mississippi Employment Security Commission. ***Booth v. Mississippi Employment Sec. Comm'n***, 588 So.2d 422, 427-428 (Miss. 1991). In ***Booth***, the question of whether the Commission mailed adequate notice to the claimant was not in dispute. *Id.* In addressing the issue of whether due process required notice to a claimant's attorney, we held that due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections." *Id.* (quoting *[Mullane v. Central Hanover Bank & Trust Co.](), 339 U.S. 306, 314 (1950)*. In regard to sending notice to the party's attorney we stated: ". . . this Court . . . does not hold that there is a constitutional requirement for notice to the attorney for the claimant as long as notice to the claimant is "reasonably calculated" to apprise the claimant of necessary information." *Id.* Thus, only where there is a determination that notice was not "reasonably calculated" will there be a requirement that notice be sent to the party's attorney.

¶9. This Court in ***Wilkerson v. Mississippi Employment Sec. Comm'n***, 630 So.2d 1000 (Miss. 1994), stated:

> We interpret section 71-5-517 to mean that a party to the initial determination, claimant or employer, has fourteen days from the time that the notification is mailed to appeal to the Board of Review. Only if the notification is by means other than mail to the party's last known address will the time begin to run upon notification of the claim.

*Wilkerson*, 630 So.2d at 1002. In *Wilkerson*, it was undisputed that the notice was sent to the employer's last known address. The issue there was whether the Employment Security Commission possessed the power to modify the statute in question by arbitrarily adding three days to the time for appeal. *Id.* at 1001-02. This Court ruled that it did not have such power. *Id.* As a result, the employer was found to have failed to file a timely appeal to the Board of Review where the appeal was made fifteen (15) days following the mailing date of notification. *Id***.** at 1002-03. However, the *Wilkerson* Court did intimate that

under certain conditions the strict adherence to the statutory standard of fourteen (14) days might be remitted, specifically where "good cause" is shown. *Id.* The Court found that no "good cause" to relax the statutory standard was shown by the employer in *Wilkerson*. *Id.*

¶10. In *Cane v. Mississippi. Employment Sec. Comm'n*, 368 So.2d 1263 (Miss. 1979), the Commission denied an unemployment claimant a hearing on the merits of his case because his appeal was not filed within the fourteen (14) day period. *Id.* Cane filed for unemployment compensation based upon his prior employment at a school in Mississippi. *Id.* at 1263. When he initially applied for the benefits he was living in Tennessee. *Id.* Thereafter, he changed addresses and notified the Commission via a form provided by the Commission itself. *Id.* He continued to apply for benefits from his new address. *Id.* The Commission mailed to Cane a "Notice of Non-Monetary Decision" but mailed it to Cane's old address. *Id.* Cane eventually received the notice and, subsequently, filed an appeal. *Id.* However, the Commission dismissed Cane's appeal because he failed to file within the fourteen (14) day period. *Id.* Cain maintained that his failure to file on time was a direct result of the Commission's mistake in mailing the notice to the wrong address. *Id.* In reversing the Board of Review's decision, we stated:

> Obviously, mailing the notification to the wrong address was an inadvertent mistake on the part of the Commission, but it would be unfair to penalize Cane because of a mistake not of his own making. Inasmuch as the notification was not "mailed to his last known address," the fourteen day time frame within which he had the right to appeal did not begin to run from the mailing of the notification, but rather . . . it began to run "after notification thereof."

*Id.*

¶11. In the case *sub judice*, the City, in essence, attempts to make the same argument put forth in *Cane*- the Commission failed to mail the notice to the correct address. The City insists that it was not afforded proper notification since the notice of the Referee's decision was sent to "City of Tupelo, 220 North Front Street, Tupelo, MS 38801." The City indicates that this is the address of the Tupelo city jail and police station and not the Tupelo Police Department administrative offices, which are located at a separate address several blocks away. In short, the City argues that the notice was mailed to the wrong address. Furthermore, the City argues that the notice should have been addressed more specifically than simply "City of Tupelo;" that is, the notice should have been addressed to an individual or a single department within the City government. For these reasons, the City argues that the notice was not reasonably calculated to inform adequately and timely the City of the Referee's decision, thereby denying the City the requisite time in which to prepare a notice of appeal.

¶12. In conjunction with this argument the City cites this Court's assertion in *Wilkerson* that "[w]e have no quarrel, either, with a relaxation of the standard for 'good cause . . . .'" *Wilkerson*, 630 So.2d at 1002. The Court in *Wilkerson* pointed to the circumstances in *Cane* as an example where the fourteen (14) day statutory standard for appeals may be relaxed. *Id.* Apparently, the City would have this Court believe that the circumstances in *Cane* are similar to the ones presented here or, or at the very least, are such that require a relaxing of the standard.

¶13. The Court in *Wilkerson* made it clear that only if notification is by means other than mail to the party's last known address will the fourteen (14) day time period begin to run upon notification of the claim. *Wilkerson*, 630 So.2d at 1002. The words "last known address" can only mean the party's address that was made known by that party to the Commission either in its application for benefits if it is a claimant or in

its correspondence with the Commission concerning a matter before the that administrative body. If the Commission is sending notice of a decision that has been reached by one of its tribunals then it stands to reason that the parties concerned have represented themselves in one form or another before that body and corresponded with that body prior to the tribunal's decision. Indeed, in the case *sub judice*, both the City and Thompson had corresponded and represented themselves before the Appeals Referee on this matter. On all pertinent documents the address for the City was designated as "City of Tupelo, 220 North Front Street, Tupelo, MS 38801"-the address that the City now claims was not its proper address. First, the record indicates that the "Notice of Hearing Before Referee" was mailed to this "220 North Front Street" address. Second, the record indicates that this same address was used to send the Referee's "Postponement of Hearing Before Appeals Referee" to the City after the City requested postponement. Third, the second "Notice of Hearing Before the Referee" was mailed to the City at this address. Fourth, a second "Postponement of Hearing Before Appeals Referee" was sent to the city after the City requested postponement. Finally, the third and last "Notice of Hearing Before Appeals Referee" was sent to the City at this same address. Furthermore, the record indicates that all but one of these documents were also sent to the City's representative, UCCS, Inc. The City subsequently appeared and properly argued the matter before the Referee.

¶14. We cite all of these notices to illustrate the number of notices that were sent to the City and the City's acknowledgment of these notices. Nowhere does the record indicate that the City requested the Commission to change the "220 North Front Street" address to another address. Nor did the City ever request that correspondence directed to the City be specifically addressed to a particular individual or department. The Referee mailed his decision to the City's "last known address." Furthermore, the notice was also sent to the City's designated representative who appeared before the Referee and argued on behalf of the City.

¶15. Even if the Court assumes, *arguendo*, that the "220 North Front Street" address was an incorrect address and that sending correspondence to the City's jail under these circumstances was a flagrant mistake, that mistake is now immaterial. The City has effectively waived this argument that it now so persistently pursues. The City argues that the jail and station house to which the notice was sent could not be the departments handling the MESC matter. The obvious question begs loudly to be answered-why is the station house address that was used successfully to correspond with the City concerning Thompson's claim before the Referee not the address to be used to mail the Referee's decision on that very same matter? The City provides no answer to this question.

¶16. The City falls far short in its attempt to show that the Referee's notice was not "reasonably calculated" to inform adequately and timely the City of its decision so that it could respond accordingly. Alternatively, the City fails to show that there is "good cause" for this Court to relax the fourteen (14) day standard. The Commission mailed the Referee's decision to the City at the same address that had been designated for the City in previous notices and correspondences with the City. The City offers no proof or even claims that it requested the Commission to send correspondence to any other address other than the one that had been previously used in this matter. Only after the fact does the City come forward and claim that the "220 North Front Street" address was an improper place for notices to be mailed. The Commission mailed the notice of the Referee's decision on May 19, 1998. The City's notice of appeal was not filed until June 4, 1998, two (2) days in excess of the fourteen (14) day statutory standard. The City, therefore, has no further recourse.

**II. Whether the City of Tupelo should granted the opportunity to argue the issue of**

**Thompson's dismissal for good cause?**

**III. Whether Thompson's dismissal was for good cause within the parameters of *M.C.A. § 71-5-513?***

¶17. We do not address the merits of the other two issues concerning Thompson's alleged misconduct. Those questions are now inconsequential. Moreover, even if these issues were found to warrant inquiry, it is not for this Court to inquire since there has been no such inquiry by the Board of Review. It is well-settled law in Mississippi that judicial review of a Board of Review's ruling is limited. ***Booth v. Mississippi Employment Sec. Comm'n***, 588 So.2d 422, 424 (Miss. 1991) (citing ***Piggly Wiggly v. Mississippi Employment Sec. Comm'n,*** 465 So.2d 1062, 1064-65 (Miss. 1985)). This Court has further stated:

> Judicial review of an Employment Security Commission ruling is limited to determination of whether the decision is supported by substantial evidence.... This Court must review the record to determine whether there is substantial evidence to support the Board of Review's findings of fact . . . . Further, with supporting evidence and in the absence of fraud, the factual findings of the Board of Review are conclusive and our review is limited to questions of law. Miss.Code Ann. § 71-5-531 (1995).

*Halbert v. City of Columbus*, 722 So. 2d 522, 524 (Miss. 1998).

¶18. The record in this case indicates that a hearing was not conducted on any of the issues presented to this Court. The Board of Review dismissed the City's appeal because it was not timely filed. The dismissal was correct, and there was no need to address the misconduct issue. Accordingly, there is no need now.

## CONCLUSION

¶19. Where good cause is shown the fourteen (14) day time period of section 71-5-519 will be relaxed and be deemed to start to run from the date of notification. Additionally, this Court may choose to apply the relaxed notification standard where it determines that notice was not reasonably calculated to inform a party of a Commission's decision. Therefore, it is incumbent upon the party seeking a relaxation to show such good cause and/or failure of the Commission to reasonably inform that party. The City has shown neither. The Commission mailed the notice of the Referee's decision to the City at the City's last known address-the address that had been used for all purposes concerning the Thompson claim throughout the hearings. The City at no time objected to this address or requested that it be changed in any way. The notice of the Referee's decision was mailed to this address. The City failed to file a notice of appeal within the fourteen (14) day statutory time period, and, subsequently, relinquished its right to argue the merits of its case. The circuit court correctly affirmed the Board of Review's dismissal of the City's appeal. Therefore, we affirm the judgment of the Lee County Circuit Court.

¶20. **AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, SMITH, WALLER AND COBB, JJ., CONCUR. SULLIVAN., P.J., CONCURS IN RESULT ONLY.**