905 So.2d 613 (2004)
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION, Appellant,
v.
Alberta PARKER, Appellee.
No. 2003-CC-00114-COA.
Court of Appeals of Mississippi.
April 13, 2004.
Rehearing Denied July 27, 2004.
*614 B. Ray Therrell, attorney for appellant.
Alberta Parker, appellee, pro se.
Before KING, P.J., BRIDGES, LEE and CHANDLER JJ.
BRIDGES, J., for the Court.
¶ 1. Alberta Parker filed for unemployment benefits. The claims examiner investigating her case disqualified Parker for misconduct. Parker filed an appeal to the Board of Review. The Board of Review found that the appeal filed by Parker was not filed timely and was, therefore, dismissed. Parker appealed to the Circuit Court of Pearl River County which reversed the decision of the Board of Review. The Mississippi Employment Security Commission now appeals to this Court.

STATEMENT OF THE ISSUES
I. WHETHER THE CIRCUIT COURT OF PEARL RIVER COUNTY ERRED BY APPLYING RULE 6 OF THE MISSISSIPPI RULES OF CIVIL PROCEDURE AND MISSISSIPPI CODE ANNOTATED SECTION 13-3-83 (1972).
II. WHETHER THE BOARD OF REVIEW'S DECISION SHOULD BE AFFIRMED, FINDING THAT THE CLAIMANT, ALBERTA PARKER, FAILED TO TIMELY FILE HER APPEAL TO THE BOARD OF REVIEW, PURSUANT TO MISSISSIPPI CODE ANNOTATED SECTION 71-5-519 (REVISED 1995).

FACTS
¶ 2. Alberta Parker was employed as a dietary supervisor at Crosby Memorial *615 Hospital in Picayune, Mississippi. In January 2002, Healthcare Services Group, Inc. ("HSG") took over operations of the hospital's dietary department. Parker, along with all other employees, was placed on a ninety day probationary period during which time she would be evaluated. Her employment ended on April 12, 2002, when she was discharged for unsatisfactory job performance. Four days later, Parker filed for unemployment benefits, but was disqualified by the claims examiner for misconduct. Further the claims examiner stated in his June 2, 2002 "Notice of Non-monetary Decision," that Parker was terminated for failure to perform her duties satisfactorily, and that the final straw, serving a patient meatballs over rice instead of over spaghetti, constituted misconduct and disqualified her from benefits.
¶ 3. Parker filed a notice of appeal and a hearing was held before an appeals referee on June 26, 2002. At the conclusion of the hearing, the referee found that Parker had been discharged for misconduct, but did not employ the same "meatballs over rice" standard of misconduct. The referee found Parker was terminated for misconduct due to unsatisfactory job performance and her "willful behavior which violated a standard of behavior that the employer has a right to expect." According to Denise Calhoun, director of food services, whose testimony the referee accepted as substantial evidence upon which she based her decision to deny benefits, Parker created a hostile work environment by speaking poorly of HSG to other employees, by failing to lock the kitchen door, by failing to clean up the facilities and by feeding a patient on January 18, 2002, who was under orders not to be fed. The referee's decision was mailed to Parker on July 1, 2002.
¶ 4. On July 16, 2002, Parker appealed the decision of the referee to the Board of Review of the Mississippi Employment Security Commission. The Board of Review held that the appeal filed by Parker was not filed timely and was, therefore, dismissed. Parker appealed to the Circuit Court of Pearl River County. On December 6, 2002, the circuit judge reversed the decision of the Board of Review and found that pursuant to Rule 6 of the Mississippi Rules of Civil Procedure and Mississippi Code Annotated section 13-3-83, Parker was entitled to an additional three days in which to appeal her decision to the Board of Review, meeting the appeal deadline. Additionally, the circuit court held that there was no "substantial, clear and convincing evidence" to support disqualification for misconduct. This appeal followed.

STANDARD OF REVIEW
¶ 5. The standard of review of administrative agency decisions is "[a]n agency's conclusions must remain undisturbed unless the agency's order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one's constitutional rights." Maxwell v. MESC, 792 So.2d 1031, 1032(¶ 7) (Miss.Ct.App.2001).
¶ 6. A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise. Lastly, this Court must not reweigh the facts of the case or insert its judgment for that of the agency. Lewis v. MESC, 767 So.2d 1029(¶ 9) (Miss.Ct.App.2000). Factual findings of the Commission's Board of Review, if supported by substantial evidence, will be upheld on appeal. Miss.Code Ann. § 71-5-531 (Rev.2000).

*616 ANALYSIS
I. WHETHER THE CIRCUIT COURT OF PEARL RIVER COUNTY ERRED BY APPLYING RULE 6 OF THE MISSISSIPPI RULES OF CIVIL PROCEDURE AND MISSISSIPPI CODE ANNOTATED SECTION 13-3-83 (1972).
II. WHETHER THE BOARD OF REVIEW'S DECISION SHOULD BE AFFIRMED, FINDING THAT THE CLAIMANT, ALBERTA PARKER, FAILED TO TIMELY FILE HER APPEAL TO THE BOARD OF REVIEW, PURSUANT TO MISSISSIPPI CODE ANNOTATED SECTION 71-5-519 (REVISED 1995).
¶ 7. The Circuit Court of Pearl River County reversed the decision of the Board of Review both as to the time of Parker's appeal and the referee's decision to deny benefits. In his opinion and order with respect to the untimeliness of Parker's appeal, the circuit judge set out the law as follows, Mississippi Code Annotated section 71-5-519 reads, in pertinent part, "[t]he parties shall be duly notified of such tribunal's decision . . . which shall be deemed to be the final decision . . . unless, within fourteen (14) days after the date of notification or mailing of such decision, further appeal is initiated. . . ." Also, Mississippi Code Annotated section 71-5-525 reads, "[t]he manner in which appealed claims shall be presented . . . shall be in accordance with regulations prescribed by the board of review for determining the rights of the parties, whether or not such regulations conform to common law or statutory rules of evidence and other technical rules of procedure."
¶ 8. The order adopting the Mississippi Rules of Civil Procedure reads:
Pursuant to the inherent authority vested in this Court by the Constitution of the State of Mississippi . . . to promote justice, uniformity, and the efficiency of courts, the rules attached hereto are adopted and promulgated as Rules of Practice and Procedure . . . in all civil actions. [A]ny and all statutes and court rules previously adopted to the contrary notwithstanding, and in the event of a conflict between these rules and any statute or court rule previously adopted these rules shall control.
¶ 9. Rule 6 of the Mississippi Rules of Civil Procedure reads:
(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.
(e) Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period. This subdivision does not apply to responses to service of summons under Rule 4.
(emphasis added).
¶ 10. The circuit judge concluded by stating that the "MESC can not promulgate rules of procedure in conflict with the Mississippi Rules of Civil Procedure. Specifically, the court finds that pursuant to Miss. R. Civ. P. 6(a) and 6(e), Parker's time to appeal her case to the Board of Review began on July 2, 2002, the day after the appeals referee mailed her decision to Parker, and ended July 19, 2002, which reflects the addition of an additional three days for Parker to respond, as required by Rule 6(e)." Therefore, Parker's *617 appeal was filed timely with the Board of Review.
¶ 11. In his opinion and order with respect to the appeals referee's decision to deny benefits, the circuit judge set out the law as follows:
The question before the court is not whether there was substantial evidence for HSG to terminate Parker, but whether or not there was substantial, clear and convincing evidence for HSG to disqualify Parker for unemployment benefits due to an action rising to the level of misconduct as that term is defined in Wheeler.[1]
¶ 12. The evidence composing this case was testimony of Calhoun's and Parker's versions of the events occurring between January 14, 2002 and April 12, 2002. This conflict was dealt with by the Mississippi Supreme Court in Trading Post, Inc. v. Nunnery, in which the court held, "[t]he evidence here was the employee's word against that of the [employer] as to what [occurred]." Trading Post, Inc. v. Nunnery, 731 So.2d 1198, 1202(¶ 15) (Miss.1999). The court found that the referee and the Board of Review, charged with fact-finding responsibility, found that a denial of permission to be absent was not clearly conveyed and that the absence was not wilful misconduct. Id.
¶ 13. In the present case, HSG failed to offer anything outside of Calhoun's uncorroborated testimony to establish Parker's misconduct. The circuit court found that it would have been easy for Calhoun to "have brought the nurse or nurses that heard Parker talking down HSG and the hospital to the hearing or at least offered their affidavits as exhibits." The lower court concluded that the evidence, "while closer to misconduct than the `meatballs over rice' standard employed by the claims examiner, is still nowhere near the level of, `substantial, clear and convincing evidence' that the discharge was due to misconduct." Nunnery, 731 So.2d at 1200-01(¶ 9).
¶ 14. We reverse and remand on additional and different grounds than those set forth by the lower court. We find that while Parker may not have perfected her appeal within the fourteen day statutory period for the Board of Review to consider this matter, said Board of Review in its decision letter dated July 25, 2002, clearly states that Parker may appeal to the circuit court in the county in which she resides. . . within ten days for a review of its decision which would become final within twenty days after the date thereof being July 24, 2002. We, therefore, reverse and remand this case to the referee for consideration of Parker's claim and for appropriate findings by that tribunal whether there was or was not substantial, clear and convincing evidence to support the denial of her unemployment benefits by the claims examiner.
¶ 15. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT IS AFFIRMED AND REMANDED TO THE REFEREE FOR FINDINGS CONSISTENT WITH THIS OPINION.
KING, P.J., LEE, MYERS, AND CHANDLER, JJ., CONCUR. SOUTHWICK, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MCMILLIN, C.J., THOMAS, IRVING, AND GRIFFIS, JJ.
SOUTHWICK, P.J., DISSENTING:
¶ 16. With respect, I dissent. I find that the majority has improperly applied procedural rules that have no relevance to administrative appeals. The majority also *618 has sustained the lower court's revival of a Supreme Court-rejected practice for extending the time to appeal within the Mississippi Employment Security Commission review process. Finally, to the extent the majority at the end of its opinion concedes that the internal administrative appeal was untimely, it rewrites basic administrative law with its alternative argument that the timely seeking of judicial review remedies the earlier delay.
¶ 17. (1) Applicability of Rules of Civil Procedure. The majority uncritically describes the trial court's application of the Rules of Civil Procedure to the appellate procedures within the MESC. If the majority is rejecting that approach, it does not say so. The Rules by their own terms only apply to circuit, chancery, and county court proceedings. M.R.C.P. 1. The Supreme Court has enforced that limitation. E.g., Mississippi Dept. of Human Servs. v. Baum, 730 So.2d 58, 62 (Miss.1998); Booth v. Mississippi Emp. Sec. Comm'n, 588 So.2d 422, 427 (Miss.1991). The inapplicability of the rules to administrative proceedings and appeals has been settled since the rules were adopted two decades ago. We should not unsettle that.
¶ 18. (2) Three day extension for mailing. In 1994, the Supreme Court voided a Mississippi Employment Security Commission procedure that granted three extra days for an appeal from the claims examiner to the appeals referee if the examiner's decision was mailed to the claimant. Wilkerson v. Mississippi Employment Sec. Comm'n, 630 So.2d 1000, 1001 (Miss.1994). A quite recent Supreme Court decision reaffirmed that view. Mississippi Employment Sec. Comm'n. v. Marion County Sheriff's Dept., 865 So.2d 1153 (Miss.2004).
¶ 19. The applicability of these two precedents can be seen from a review of the record:
(a) Decision by claims examiner was mailed on June 4, 2002. The claimant Parker had fourteen days to appeal.
(b) Parker filed an appeal at the Commission's Picayune office on June 4, 2002.
(c) Potentially relevant dates for the decision by the appeals referee are these: (1) Decision dated June 28, 2002; (2) Decision mailed on July 1, 2002; (3) Decision "delivered" July 5, 2002. Parker had fourteen days from one of these dates to appeal.
(d) Parker filed an appeal at the Commission's Picayune office on July 16, 2002.
(e) The Board of Review found that the appeals referee decision was mailed on July 1, and Parker did not appeal until July 16. Appeal therefore dismissed as untimely.
(f) Parker filed a timely appeal to circuit court.
¶ 20. This chronology raises issues of the effect of the July 5 "delivery" of the decision, whether there was "good cause" to relax the deadline, and the effect of the timely appeal to circuit court.
¶ 21. By statute, the appeal from the appeals referee to the Board of Review is to be taken within fourteen days "after the date of notification or mailing of such decision." Miss.Code Ann. § 71-5-519 (Rev.2000). In the latest relevant Supreme Court opinion, the court said that "[u]nless the notification of the decision is made by some means other than mailing," the appeal is to be filed within fourteen days after the decision is mailed. Marion County Sheriff's Dept., 865 So.2d at 1155(¶ 8), citing Wilkerson, 630 So.2d at 1002. "Only if the notification is by means other than mail to the party's last known address will the time begin to run upon notification of the claim." Id.
*619 ¶ 22. Parker's notification was not by "means other than mail," but it may have been by means in addition to mail. Perhaps the July 5 "delivery" was of a second copy of the opinion. Perhaps instead it is just the date that the mailed copy was delivered to Parker. Regardless, the notice that was given to Parker was explicit that an appeal was to be taken within fourteen days of July 1. That was correct, since the statute requires appeal within 14 days of mailing. The appeal was untimely.
¶ 23. The precedents have identified "good cause" for failure timely to appeal. The only acceptable good causes so far identified are that the notice was not mailed to the last known address, or that the notice was never received. Marion County Sheriff's Dept., 865 So.2d at 1156-57(¶ 10). Here it is conceded that the decision was received in time to appeal and had been mailed to the right address. There was no "good cause."
¶ 24. (3) Timely appeal to circuit court does not cure earlier untimely appeal. The majority at the end of its opinion states, despite earlier embracing of the circuit court's application of the Rules of Civil Procedure, that "Parker may not have perfected her appeal" in a timely fashion to the Board of Review. If the majority concludes that the appeal was late, then it is clear error to remand on the "additional and different grounds" that she timely appealed from the Board of Review to the circuit court. Maj. op. at ¶ 14. A timely appeal to the circuit court presents as the only issue whether the internal appeal had been untimely. If the appeal was late from the appeals referee to the Board of Review, then the only action for the circuit court  even though the appeal there was timely taken  was to affirm. Marion County Sheriff's Dept., 865 So.2d at 1157(¶ 13).
¶ 25. Surely the following of procedures within an agency is part of the requirement for exhaustion of administrative remedies. State v. Beebe, 687 So.2d 702, 704 (Miss.1996). One cannot "exhaust" what one does not faithfully employ. The majority holds that even if the statutorily required deadlines for the parties to appeal within an administrative agency are ignored, we will remand back to the agency for the merits to be reached so long as the request for judicial review of the final agency action is timely. This is no different than the fallacy that if the notice of appeal from a trial court in the usual civil action is untimely, and if we dismiss for that reason, that a timely petition for a writ of certiorari corrects the initial late appeal. If that were so, the Supreme Court would then properly examine the merits even though we could not. That is not the law. Fatal procedural error is not corrected through persistence. An order of dismissal that is timely appealed leads to a review of the validity of the dismissal and not to a review of the merits.
¶ 26. In my respectful view, stable precedents for the inapplicability of the civil rules to administrative matters and for the need to appeal timely during an internal administrative review process have been undermined. I would reverse the circuit judge's contribution to that destabilization and affirm the Board of Review.
McMILLIN, C.J., THOMAS, IRVING AND GRIFFIS, JJ., JOIN THIS SEPARATE WRITTEN OPINION.
NOTES
[1] Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982).