968 So.2d 957 (2007)
Tom CERRATO, Appellant
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION, Appellee.
No. 2006-CC-01979-COA.
Court of Appeals of Mississippi.
October 30, 2007.
*958 Tom Cerrato, Appellant, pro se.
Albert B. White, Madison, attorney for Appellee.
Before KING, C.J., BARNES and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Tom Cerrato filed a claim for unemployment benefits in the Mississippi Employment Security Commission[1] regarding his dismissal from employment. The claims examiner denied Cerrato's claim. Cerrato failed to timely seek review of the claims examiner's decision with the appeals referee and his appeal was subsequently dismissed. The board of review and Circuit Court of Washington County affirmed the decision of the appeals referee finding Cerrato failed to show "good cause" for his untimely filing. Cerrato appeals, asserting: (1) that the trial court erred in finding that Cerrato's notice of appeal was untimely or, in the alternative, (2) that he had shown "good cause" for his untimely filing based on the fact that he did not receive notice of denial until after the appeals period had elapsed. Finding no error, we affirm.

FACTS
¶ 2. Tom Cerrato filed for unemployment benefits with the Mississippi Department *959 of Employment Security (MDES) on February 14, 2006, after being terminated from his employment at a Radio Shack store in Greenville, Mississippi.[2] On his initial claim for benefits, Cerrato listed his mailing address as 567 Cypress Lane, Apt. I-3, Greenville, Mississippi 39701. This was the only mailing address provided to the MDES by Cerrato at the time the claim was filed. After reviewing his claim, the MDES claims examiner determined that Cerrato was discharged for misconduct connected with his work and, therefore, was disqualified from receiving benefits pursuant to Mississippi Code Annotated Section 71-5-513(A)(1)(b) (Supp. 2007).
¶ 3. The MDES notified Cerrato of the claims examiner's decision to deny him benefits on February 27, 2006, by mailing a letter to his Greenville address. The letter stated that Cerrato had "fourteen (14) days from the mailing date shown" to protest the decision by filing a notice of appeal with the MDES. Cerrato contends that he moved from his Greenville residence to Florida on February 28, 2006, and that he never received the letter prior to moving. After moving, Cerrato placed a hold on his Mississippi mail. He did not inform the MDES that he was no longer residing in Greenville. Cerrato also failed to provide the MDES with a forwarding address by which it could reach him in Florida.
¶ 4. Even though Cerrato did not receive the letter prior to moving, he was informed that he had been denied benefits through a telephone conversation with a MDES representative on March 24, 2006. Cerrato filed his appeal of the claims examiner's decision on the same day, which was eleven days after the fourteen-day appeals period had expired. A telephonic hearing was held by an appeals referee on April 11, 2006, for the sole purpose of determining whether Cerrato's appeal was timely filed or, in the alternative, whether he had "good cause" for failing to file within the appeals period. After reviewing the evidence and testimony of Cerrato, the appeals referee found that Cerrato had fourteen days from the date of the claim examiner's decision in which to appeal, and that by filing his notice on March 24, 2006, his appeal was untimely. As a result, the appeals referee adopted the claims examiner's decision as final and consequently dismissed the appeal.
¶ 5. Cerrato appealed the decision to the MDES board of review by properly filing notice of appeal on April 12, 2006. The board of review considered the appeal on the record and, finding no error, affirmed the decision of the appeals referee.
¶ 6. On June 9, 2006, Cerrato sought review of the board of review's decision by appealing to the Circuit Court of Washington County. After consideration of the evidence, the circuit court judge affirmed the decision of the board of review. Cerrato now seeks review of the circuit court's decision.

STANDARD OF REVIEW
¶ 7. This Court's standard of review of an administrative agency's findings and decisions is well established. An agency's conclusions must remain undisturbed unless the agency's order (1) is not supported by substantial evidence, (2) is arbitrary or capricious, (3) is beyond the scope or power granted to the agency, or (4) violates one's constitutional rights. Mississippi Comm'n on Envtl. Quality v. Chickasaw *960 County Bd. of Supervisors, 621 So.2d 1211, 1215 (Miss.1993); Mississippi Employment Sec. Com. v. PDN, Inc., 586 So.2d 838, 840 (Miss.1991). A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise. United Cement Co. v. Safe Air for Environment, Inc. 558 So.2d 840, 842 (Miss.1990). Lastly, this court must not reweigh the facts of the case or insert its judgment for that of the agency. Mississippi Public Service Com. v. Merchants Truck Line, Inc., 598 So.2d 778, 782 (Miss.1992).

ISSUE AND ANALYSIS
1. Whether the trial court erred in finding that Cerrato failed to timely file his notice of appeal.
¶ 8. Procedure in an unemployment benefits case before the MDES is governed by Mississippi Code Annotated Section 71-5-517 (Supp.2007). The statute sets out the applicable appeals period for a claimant or employer who wishes to protest the decision of a MDES claims examiner. It provides, in pertinent part, to wit: "The claimant or any party to the initial determination or amended determination may file an appeal from such initial determination or amended initial determination within fourteen (14) days after notification thereof, or after the date such notification was mailed to his last known address." Miss.Code Ann. § 71-5-517 (Supp.2007); Wilkerson v. Mississippi Employment Sec. Comm'n, 630 So.2d 1000, 1002 (Miss. 1994); Cane v. Mississippi Employment Sec. Com., 368 So.2d 1263 (Miss.1979). This fourteen-day time period is to be strictly construed, and unless the notification of the decision is made by means other than mailing, the time period to appeal to the board of review begins to run on the date that notice is mailed to the parties. Wilkerson, 630 So.2d at 1002.
¶ 9. It is undisputed that the MDES mailed the letter on February 27, 2006, notifying Cerrato of the claims examiner's decision to deny him benefits. It is also undisputed that the letter was mailed to the last known address made available to the MDES by Cerrato, that being the address in Greenville. Therefore, in order for Cerrato's notice of appeal to be held to be timely filed, it should have been filed with the MDES by March 13, 2006. Cerrato admits that he did not file his notice of appeal until March 24, 2006, eleven days after his appeals period had expired. Therefore, we find that the circuit court did not err in finding that Cerrato's notice of appeal was untimely.
2. Whether Cerrato failed to prove good cause for untimely filing his notice of appeal with the appeals referee?
¶ 10. Under the MDES appeal statutes, the fourteen-day time period may be relaxed or extended if there is a showing of "good cause" by the appellant that the mailing to the last known address was not "reasonably calculated, under all circumstances, to apprise" the party of the decision. Holt v. Mississippi Empl. Sec. Comm'n, 724 So.2d 466, 470(¶ 17) (Miss.Ct. App.1998). Cerrato contends that he failed to file his notice of appeal before March 13, 2006, because he did not receive the notification of the claims examiner's decision until April 5, 2006. Cerrato bases his "good cause" argument on the fact that he moved from Mississippi to Florida before receiving the notification. He contends that he was unable to obtain a Florida mailing address and, as a result, was forced to place a hold on his mail in Mississippi.
¶ 11. Though this evidence is to be given some consideration, it is not alone *961 sufficient to satisfy good cause. "Good cause is established when there is sufficient evidence to show that a party failed to receive the mailing due to delays in the mail or because of an act beyond the party's control." Miss. Empl. Sec. Comm'n v. Marion County Sheriff's Dep't, 865 So.2d 1153, 1157(¶ 10) (Miss.2004). "Mere denial that the notice was received, without supporting evidence, fails to constitute good cause for failing to timely appeal." Holt, 724 So.2d at 470(¶ 19). Cerrato has failed to provide any evidence that his failure to receive notice of the claims examiner's decision was due to an act beyond his control. There is no claim that there was a failure on the part of the U.S. Postal Service to properly deliver the mail. Moreover, there is a presumption that the majority of mail is delivered on a timely basis. Id. Cerrato has not provided sufficient evidence to overcome this presumption. In fact, the evidence provided by Cerrato shows that his failure to receive the notification was of his own doing. Cerrato did not receive the notification because he placed a hold on his mail without first notifying the MDES, even knowing that he had a pending claim. As stated in Holt, a claimant cannot evade appellate obligations simply by refusing to pick up mail or to read it. Id. at (¶ 17).
¶ 12. Our decision may have been different had Cerrato provided the MDES with a forwarding address prior to moving to Florida. See Cane, 368 So.2d at 1264 (holding that claimant had good cause for his untimely filing when the MESC (former name of agency) mailed the notification to claimant's former address even though the agency had previously been provided with his new address). However, in this case, Cerrato did not provide the MDES with a new or forwarding address until March 24, 2006, nearly one month after the notification was mailed. By statute, the MDES is only obligated to mail notification of a claims examiner's decision to claimant's last known address. See Miss.Code Ann. § 71-5-517 (Supp.2007). Because Cerrato failed to inform the MDES of an address change before the notification was sent, the MDES fulfilled its notice obligations by mailing the notification to his Greenville address. Given that Cerrato's ability to receive his mail, and specifically the notification, was in his control, we find that the record does not present any set of facts that would support a showing of good cause to excuse Cerrato's untimely filing. Therefore, the circuit court did not err in upholding the decision of the MDES that Cerrato failed to show good cause for his untimely filing. The issue is without merit.
¶ 13. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS AFFIRMED.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Effective July 1, 2004, the name of the Mississippi Employment Security Commission was changed to the Mississippi Department of Employment Security, Office of the Governor. Miss.Code Ann. § 71-5-11(f) (Supp.2006).
[2] Radio Shack alleges that Cerrato was discharged for violating its policy against fraternization.