*1231
 
 IRVING, J.,
 

 for the Court:
 

 ¶ 1. After being terminated by her employer, Walmart #2717, Yamenia Wilson filed for unemployment benefits. A claims examiner found that Wilson was eligible for benefits. Thereafter, Walmart appealed the claims examiner’s decision. An administrative law judge (ALJ) then reversed the claims examiner’s decision, and that decision was affirmed by the Mississippi Department of Employment Security’s (MDES) Board of Review and subsequently by the Forrest County Circuit Court. Feeling aggrieved, Wilson appeals and asserts that: (1) Walmart’s appeal of the claims examiner’s decision was not timely filed; (2) the circuit court erred in finding that substantial evidence supported a reversal of the claims examiner’s decision; and (3) the circuit court erred in not remanding Wilson’s case to the ALJ for a full hearing.
 

 ¶ 2. We agree that Walmart’s appeal of the claims examiner’s decision was not timely filed. Therefore, we reverse and render the judgment of the circuit court and remand this case to the MDES for the awarding of unemployment benefits to Wilson.
 

 FACTS
 

 ¶ 3. On May 31 or June 1, 2007, Wilson was terminated by Walmart #2717 in Hattiesburg, Mississippi, from her position as a customer greeter. Shortly thereafter, on June 3, 2007, Wilson filed for unemployment compensation. On June 14, 2007, the claims examiner found that Wilson was eligible for unemployment benefits. This finding was made pursuant to a hearing that Walmart declined to attend. Walmart had fourteen days from June 14, 2007, to file an appeal of the decision of the claims examiner. Miss.Code Ann. § 71-5-517 (Supp.2009). Walmart mailed a notice of appeal to MDES on June 28, 2007, but the appeal was not stamped received by MDES until July 2, 2007.
 
 [1]
 

 ¶ 4. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶ 5. The fourteen days in which an employer must appeal an initial determination of unemployment benefits begins to run on the date the claims examiner’s decision was mailed to the employer.
 
 Miss. Employment Sec. Comm’n v. Manon County Sheriff’s Dep’t,
 
 865 So.2d 1153, 1156 (¶ 8) (Miss.2004) (citing
 
 Wilkerson, v. Miss. Employment Sec. Comm’n,
 
 630 So.2d 1000, 1002 (Miss.1994)). In
 
 Marion County,
 
 our supreme court affirmed its finding in
 
 Wilkerson
 
 that “the fourteen[-]day time period as set by statute is to be strictly construed.”
 
 Id.
 
 (citing
 
 Wilkerson,
 
 630 So.2d at 1002).
 

 ¶ 6. A brief filed below by MDES stated that: “It is the standard business practice of MDES to look to the post-mark date in determining the timeliness of an appeal.” No written regulation or other document codifying this practice was presented. In the absence of any evidence that MDES is authorized to accept appeals after the fourteen-day statutory period has expired, we must reverse and render the judgment of the circuit court. As our supreme court stated in
 
 Wilkerson
 
 and
 
 Marion County,
 
 we are bound to strictly construe the time periods contained in the statutes governing appeals to MDES.
 

 ¶ 7. In
 
 Mississippi Employment Security Commission v. Parker,
 
 903 So.2d 42, 43-45 (¶¶ 4-11) (Miss.2005), the Mississippi Supreme Court reversed this Court’s opinion, wherein we had affirmed MDES’s pol
 
 *1232
 
 icy of allowing a claimant an additional three days to appeal, beyond the fourteen days allowed for appeal. The position that MDES urges this Court to adopt in the present case would have the same effect as our decision in
 
 Parker,
 
 which was reversed and rendered by the Mississippi Supreme Court.
 

 ¶ 8. As Walmart’s appeal from the claims examiner’s decision was not timely filed, all the decisions made thereafter are reversed and rendered. Therefore, we reinstate the decision of the claims examiner, who held that Wilson is entitled to unemployment benefits due to her termination from Walmart’s employ. We remand to the MDES for an award of benefits.
 

 ¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS REVERSED AND RENDERED, AND THIS CASE IS REMANDED TO THE MISSISSIPPI DEPARTMENT OF EMPLOYMENT SECURITY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE MISSISSIPPI DEPARTMENT OF EMPLOYMENT SECURITY.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR.
 

 [1]
 

 . Apparently, MDES does not mark a notice of appeal filed.