GRIFFIS, P.J.,
for the Court:
¶ 1. John Earl Thomas appeals the decision of the Mississippi Department of Employment Security (MDES) to deny him unemployment benefits. We find no error and affirm.
FACTS
¶ 2. On October 31, 2008, Thomas was fired from his job at Bigbee Transportation, Inc. He filed a claim for unemployment benefits. An MDES claims examiner conducted an investigation to determine whether Thomas was eligible to receive benefits. The examiner found that Thomas had been fired for misconduct connected with his work, which made him ineligible for benefits under Mississippi Code Annotated section 71-5-513(A)(l)(b) (Supp. 2010).
¶ 3. On January 27, 2009, MDES mailed Thomas a “Notice of Nonmonetary Determination Decision” that informed him that his claim had been denied and that he had fourteen days from the date the notice was mailed to file an appeal with MDES. Thomas filed an appeal on October 19, 2009, which was past the deadline. An Administrative Law Judge (ALJ) conducted a hearing by telephone to determine whether Thomas had good cause for the late appeal.
¶ 4. At the hearing, the following exchange occurred:
ALJ: What was the reason that you waited until um October 19 to file your appeal?
*227 Thomas: Because I give [sic] them anything I had said. And I told my supervisor everything!,] and I was denied. And I got the write up too[,] and I thought that it would be a good time for me to try to get my hearing.
The ALJ found that Thomas failed to show good cause for the late appeal; therefore, the prior decision to deny benefits became final.
¶5. Thomas appealed to the MDES Board of Review, which affirmed the ALJ’s findings. Thomas then appealed to the Circuit Court of Lowndes County, which affirmed the decision of the Board of Review. He now appeals.
STANDARD OF REVIEW
¶ 6. The standard of review of administrative-agency decisions is “[a]n agency’s conclusions must remain undisturbed unless the agency’s order[:] 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one’s constitutional rights.” Maxwell v. Miss. Empl. Sec. Comm’n, 792 So.2d 1031, 1032 (¶ 7) (Miss.Ct.App.2001). Upon judicial review, “the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.” Miss.Code Ann. § 71-5-531 (Supp.2010).
ANALYSIS
¶ 7. Mississippi Code Annotated section 71-5-517 (Supp.2010) provides in part:
Upon the taking of a claim by [MDES], an initial determination thereon shall be made promptly and shall include a determination with respect to whether or not benefits are payable.... The claimant ... may file an appeal from such initial determination ... within fourteen (14) days after notification thereof, or after the date such notification was sent to his last known address.
In this case, the claims examiner made an initial determination that Thomas was ineligible for benefits. Notice of this determination was mailed to Thomas on January 27, 2009. Thomas concedes that he received this notice. He did not file his appeal until October 19, 2009, approximately nine months after the notice was mailed. Therefore, his appeal was untimely filed.
¶ 8. This Court has stated:
[T]he fourteen-day time period may be relaxed or extended if there is a showing , of “good cause” by the appellant.... “Good cause is established when there is sufficient evidence to show that a party failed to receive the mailing due to delays in the mail or because of an act beyond the party’s control.” Miss. Empl. Sec. Comm’n v. Marion County Sheriff’s Dep’t, 865 So.2d 1153, 1157 (¶ 10) (Miss.2004).
Cervato v. Miss. Empl. Sec. Comm’n, 968 So.2d 957, 960-61 (¶¶ 10-11) (Miss.Ct.App.2007). Here, Thomas concedes that he received the January 27th notice. Yet he offered no explanation for his late appeal that could be reasonably viewed as good cause.
¶ 9. There was substantial evidence to support the ALJ’s findings; therefore, we must affirm the circuit court’s judgment.
¶10. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT IS AFFIRMED.
LEE, C.J., IRVING, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.