763 So.2d 194 (2000)
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION, Appellant,
v.
Larry D. EDWARDS, Appellee.
No. 1999-CC-00012-COA.
Court of Appeals of Mississippi.
March 28, 2000.
*195 Mark D. Ray, Jackson, John Wesley Garrett, Jr., Clinton, Attorneys for Appellant.
No representation for Appellee.
EN BANC.
McMILLIN, C.J., for the Court:
¶ 1. Larry D. Edwards filed for unemployment compensation after he was terminated from his employment at a Fruit of the Loom plant in Washington County. Edwards was denied compensation by the claims examiner for the Mississippi Employment Security Commission based on a finding that he was terminated for work-related misconduct. Edwards sought review of that decision by the Commission's referee. The referee concluded that the claims examiner's determination was correct and so notified Edwards by notice mailed to Edwards's last known mailing address. The notice was mailed March 27, 1998.
¶ 2. On April 13, 1998, Edwards filed an appeal with the Commission's Board of Review, asking that body to reconsider the referee's ruling. The Board dismissed the appeal as untimely since the notice was filed more than fourteen days after the notice of the referee's decision was mailed.
¶ 3. Aggrieved by that determination, Edwards perfected a pro se appeal to the Washington County Circuit Court. Edwards *196 raised two issues in the appeal. The first issue suggested that the Board of Review erred in dismissing his appeal because he had moved and his mail was not being forwarded promptly by the postal service. Edwards urged that this excused his late filing. In his second issue before the circuit court, Edwards alleged that he was denied a proper hearing before the referee because he was not permitted to fully explain his version of the incident that led to his termination.
¶ 4. The circuit court, in considering Edwards's appeal, ignored both issues raised by Edwards and proceeded directly to a consideration of the merits of the case, i.e., whether Edwards's refusal to obey a directive from his supervisor rose to the level of disqualifying misconduct. The circuit court determined that the one-time incident was not so wilful and wanton as to disqualify Edwards for unemployment benefits and ordered that Edwards receive those benefits permitted by law.
¶ 5. The Commission perfected an appeal of that decision to this Court. The Commission, as its first issue, urges that the circuit court was without jurisdiction to consider the merits of Edwards's appeal since the ruling of the referee became final three days before Edwards attempted to appeal that determination to the Commission's Board of Review. We find that issue meritorious, which compels us to conclude that both the circuit court and this Court lack jurisdiction to reach the merits of Edwards's appeal.
¶ 6. If the notice of a referee's determination is mailed to a party's last known address, notice of appeal within fourteen days of the mailing date is a necessary prerequisite to obtaining further review of a determination of eligibility. Wilkerson v. Mississippi Employment Sec. Comm'n, 630 So.2d 1000, 1001 (Miss. 1994); Holt v. Mississippi Employment Sec. Comm'n, 724 So.2d 466 (¶ 10) (Miss. Ct.App.1998). Barring some circumstance constituting "good cause" for failing to file a notice seeking further review, the matter ends with the expiration of the fourteen day appeal period if an appeal notice is not filed. Wilkerson, 630 So.2d at 1002; Holt, 724 So.2d at 469 (¶ 14).
¶ 7. Edwards did nothing at the administrative level, when his appeal to the Board of Review was dismissed as untimely, to obtain a determination that his failure to meet the deadline might, for some good reason, be forgiven. Generally, our review of an appeal from the various administrative agencies of the State is limited to matters appearing in the record. Mississippi Comm'n on Envtl. Quality v. Chickasaw County Bd. of Supervisors, 621 So.2d 1211, 1216 (Miss.1993); Holt, 724 So.2d at 471 (¶ 23); The question presented, therefore, is whether Edwards had an obligation to make a record at the Commission level on the reason for the delay in filing his notice in order to preserve the issue of "good cause" on appeal or whether he may raise the issue for the first time at the level of judicial review. For the reasons that follow, we conclude that a record concerning good cause for late filing must be made at the Commission level.
¶ 8. If the matter could be raised for the first time on appeal, there would have to be an inquiry of some sort before the circuit court at which evidence could be presented to explain the claimant's failure to strictly comply with the time deadlines. We do not find that to be a proper function of the circuit court sitting as an appellate tribunal for the purpose of reviewing proceedings before an administrative agency such as the Mississippi Employment Security Commission.
¶ 9. There is, we observe, a procedural problem raised by this determination. It arises in those instances where the claimant learns that his appeal has been dismissed as untimely for the first time when he receives written notification of that fact from the Commission, which appears to be the situation in this case. The difficulty arises because Section C 5(c) of the Appeal Regulations of the Mississippi Employment Security Commission provides generally that "[n]o request by any party for *197 reconsideration by the Board of its decision shall be considered by the Board." Appeals Regulations of the Mississippi Employment Security Commission, MISSISSIPPI EMPLOYMENT SECURITY LAW AND REGULATIONS, Section C 5(c), at 176 (1998). This language would seem to preclude reconsideration of the matter by the Board once it has ruled and would seem to trap a claimant in a procedural "Catch 22" where he was precluded from raising the issue with the Commission and likewise barred from raising the issue for the first time on appeal.
¶ 10. However, that same section of the regulations goes on to state as follows:
[I]n any case in which the Board of Review conducts a hearing and receives additional evidence... any party not present... at such hearing may, not later than ten days after the date of notification or mailing of the Board's decision, file with the Board a written application to set aside such decision and reopen the case for further hearings.
Id.
¶ 11. It is the opinion of this Court that the Board of Review, when conducting an inquiry into the timeliness of a notice of appeal, is conducting a "hearing" within the contemplation of this regulation. We are further satisfied that the Board's review of the claimant's notice of appeal to determine the date that it was filed constitutes the receipt of "additional evidence" not considered by the referee within the meaning of the regulation. Therefore, assuming that the claimant was not present when the Board of Review considered the matter of the timeliness of Edwards's appeal notice, we conclude that, from a procedural standpoint, Edwards should have sought reconsideration of the Board's ruling based upon a showing of good cause for his delay.
¶ 12. Because there is no evidence in the record before the Commission demonstrating an arguable claim of good cause for the lateness of Edwards's request for review of the referee's decision, we must decide the case strictly on the undisputed fact that Edwards's request came three days after the time to file such a request had expired. Under the holding in Wilkerson and Holt, we have no alternative other than to determine that this untimely filing is fatal to Edwards's case. We must, therefore, set aside the judgment of the Washington County Circuit Court and dismiss this appeal for lack of jurisdiction, the effect being that the determination of the Mississippi Employment Security Commission that Edwards was not entitled to unemployment benefits in accordance with the determination of the Commission's referee is reinstated.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY IS REVERSED AND RENDERED AND THE DETERMINATION OF THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION DENYING THE APPELLEE'S ENTITLEMENT TO UNEMPLOYMENT BENEFITS IS REINSTATED.
SOUTHWICK, P.J., BRIDGES, LEE, MOORE, AND THOMAS, JJ., CONCUR. KING, P.J., CONCURS IN PART AND DISSENTS IN PART, JOINED BY IRVING AND PAYNE, JJ.
KING, P.J., concurring in part, dissenting in part:
¶ 14. I depart from the majority opinion to the extent it renders an ultimate decision in this matter.
¶ 15. Insofar as it now appears, this is the first holding by a court that an unemployment compensation claimant may ask the Board of Review to reconsider the timeliness of an appeal. For this reason, I would remand with instructions to allow Edwards to first seek a reconsideration of the timeliness of his appeal by the Board of Review.
IRVING AND PAYNE, JJ., JOIN THIS OPINION.