# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CC-01246-SCT

*MISSISSIPPI EMPLOYMENT SECURITY COMMISSION*

*v.*

*MARION COUNTY SHERIFF'S DEPARTMENT AND SHERIFF RICHARD "RIP" STRINGER*

| | |
|---|---|
| DATE OF JUDGMENT: | 6/25/2002 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | B. RAY THERRELL, II |
| ATTORNEY FOR APPELLEES: | LAWRENCE ELDER HAHN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND RENDERED - 02/12/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1. This unemployment compensation benefits case is on appeal from a judgment of the Circuit Court of Marion County, which reversed a decision of the Mississippi Employment Security Commission ("MESC") awarding benefits to Britton Mosley, Sr. and remanded the case for further proceedings.

¶2. MESC asserts three issues on appeal: (1) Whether the Circuit Court of Marion County erred by failing to properly apply Miss. Code Ann. § 71-5-519 (Rev. 2000) to the case at bar; (2) Whether the employer, Marion County Sheriff Richard "Rip" Stringer, failed to show good cause for his failure to timely file an appeal to the Board of Review pursuant to Miss. Code Ann.§ 71-5-519; and (3) Whether the

Circuit Court of Marion County abused its discretion by substituting its opinion for that of the Board of Review. Finding reversible error by the circuit court, we reverse and render.

## FACTS

¶3.     Mosley was employed by the Marion County Sheriff for approximately one and one half years as a correctional officer at the Marion-Walthall Correctional Facility ("Correctional Facility") in Columbia, Mississippi. On October 19, 2001, Mosley was discharged for absenteeism without proper notification to his employer. (Mosley failed to come to work for three days without notice to his employer.) Mosley claimed that he thought he was on administrative leave due to pending investigations of the correctional facility.

¶4.     On November 2, 2001, Mosley filed a claim for unemployment compensation benefits with the MESC. Unemployment benefits were denied on November 20, 2001, after a MESC claims examiner found that Mosley's unexcused absences constituted misconduct pursuant to Miss. Code Ann.§ 71-5-513(A)(1)(b). Mosley appealed the claims examiner's decision to the appeals referee, and a telephonic hearing was scheduled for December 13, 2001. The Sheriff's Department and Stringer claim that they never received notification from the MESC regarding the hearing. Stringer filed an affidavit with the court to the same effect.

¶5.     Mosley returned his "Telephone Response" form to the Appeals Referee and included his telephone number. The Sheriff's Department failed to return its "Telephone Response" form. On December 13, 2001, Mosley was the only person in "attendance" at the telephonic hearing. Since the Sheriff's Department failed to "attend" the telephonic hearing, and since it, as the employer, had the burden of showing that Mosley was terminated for misconduct, the Appeals Referee found that the Sheriff's Department had not met its burden of proof and thus reversed the decision of the claims referee. This

decision was mailed on December 14, 2001. On December 31, 2001, three days after the appeal deadline, the Sheriff's Department appealed the decision of the Appeal Referee, stating it was not notified of the hearing before the Appeals Referee. The Board of Review found that, since the Sheriff's Department had not complied with Miss. Code Ann.§ 71-5-519 and filed its appeal within fourteen days of the decision dated December 14, 2001, the decision of the appeals referee had become final and dismissed the appeal.

¶6.     On June 25, 2002, the circuit court entered an order addressing these issues. Finding that the Sheriff's Department had been denied a fair hearing, the circuit court reversed the Board's decision, and remanded this case for further proceedings.

## DISCUSSION

I.      **WHETHER THE CIRCUIT COURT OF MARION COUNTY ERRED BY FAILING TO PROPERLY APPLY MISS. CODE. ANN. § 71-5-519 (1972, AS AMENDED) TO THE CASE AT BAR.**

¶7.     Mosley argues that the primary issue in this matter is whether the Sheriff's Department failed to timely file an appeal to the Board of Review pursuant to Miss. Code Ann. § 71-5-519.

¶8.     Under Mississippi law, parties may appeal the initial decision of whether unemployment benefits will be granted. Miss. Code Ann. § 71-5-519. The subsequent intermediate or second-level decision may be appealed within fourteen days. The Board of Review hears such appeals and is the final arbiter of agency-level appeals. If a party fails to appeal the decision of an appeals referee within fourteen days, that decision is binding on the Board of Review. Unless the notification of the decision is made by means other than mailing, the fourteen-day time period to appeal to the Board of Review begins to run on the date that notice is mailed to the parties. ***Wilkerson v. Miss. Employment Sec. Comm'n***, 630 So.2d 1000, 1002 (Miss. 1994). That is, where notice of the referee's decision is sent by mail, the fourteen-day time period begins to run on the date that notice is mailed. Furthermore, while holding that an appeal filed one

3

day late was untimely, this Court stated that the fourteen day time period as set by statute is to be strictly construed. *Id.*

¶9.    The Sheriff's Department argues that it was never notified of the telephonic hearing and has thus been denied due process. The evidence reveals that MESC was certainly less than diligent in seeking to give notice of the "Telephone Hearing." However, the pivotal issue in this case is   the Sheriff's Department's receipt of the Appeal Referee's decision. The Sheriff's Department admits that it received notice of the Appeal Referee's decision.  That decision was mailed on December 14, 2001, to the Sheriff's Department.  It clearly informed the Sheriff's Department that it had fourteen days from the date of mailing to appeal the Referee's decision. The deadline for the Sheriff's Department to file an appeal was December 28, 2001.  The Board of Review did not receive the Sheriff Department's appeal until December 31, 2001, three days after the statutory period expired. Thus, under Mississippi law, the decision of the Appeals Referee became final and binding on the Board of Review as of December 28, 2001.

> **II.    WHETHER THE EMPLOYER, SHERIFF RICHARD "RIP" STRINGER, FAILED TO SHOW GOOD CAUSE FOR HIS FAILURE TO TIMELY FILE AN APPEAL TO THE BOARD OF REVIEW PURSUANT TO MISS. CODE ANN. SECTION 71-5-519 (1972, AS AMENDED).**

¶10.    MESC contends that the Sheriff's Department failed to show good cause for its failure to timely file an appeal and that the decision of the Board of Review should be affirmed. The fourteen-day time period may be relaxed or extended if there is a showing of "good cause" by the appellant that the mailing to the last known address was not "reasonably calculated, under all circumstances, to apprise" the party of the decision. ***Booth v. Miss. Employment Sec. Comm'n***, 588 So.2d 422 (Miss. 1991) ***Cane v. Miss. Employment Sec. Comm'n***, 368 So.2d 1263 (Miss. 1979); ***Holt v. Miss. Employment Sec. Comm'n***, 724 So.2d 466 (Miss. Ct. App. 1998). Good cause is established when there is sufficient

4

evidence to show that a party failed to receive the mailing due to delays in the mail or because of an act beyond the party's control. Moreover, there is a presumption that the majority of mail is delivered on a timely basis. Mere denial that the notice was received, without supporting evidence, fails to constitute good cause for failing to timely appeal. *Id.* Thus, the Sheriff's Department failed to show good cause for its failure to timely appeal.

### III. WHETHER THE CIRCUIT COURT OF MARION COUNTY ABUSED ITS DISCRETION BY SUBSTITUTING ITS OPINION FOR THAT OF THE BOARD OF REVIEW.

¶11. As stated in Miss. Code Ann. § 71-5-531 (Rev. 2000), judicial review by the circuit court is confined to questions of law. Thus, absent fraud, the court should accept the Commission's findings of fact as conclusive if supported by the evidence.

¶12. According to MESC, no testimony was taken during the December 13, 2001, telephonic hearing because the Sheriff's Department was not in attendance. Thus, the decision of the Appeals Referee concluded that "the burden of proof ... was not met by the employer and misconduct has not been established. The disqualification, therefore, is not in order." Under our statutory scheme, "[t]he burden of proof of good cause for leaving work shall be on the claimant, and the burden of proof of misconduct shall be on the employer." Miss. Code Ann. § 71-5-513(A)(c) (Rev. 2000) (emphasis added). In addition, this Court has held that in an unemployment benefits proceeding, "[t]he burden of proving this disqualifying misconduct by clear and convincing evidence rests with the employer." *Southwood Door Co. v. Burton*, 847 So.2d 833, 841 (Miss. 2003). Hence, the decision of the Appeals Referee was appropriate under the facts and circumstances before him at the time of the hearing. The appropriate time to address the issue of "Notice of the Telephone Hearing" was in a timely appeal of the Referee's decision.

5

¶13.    Pursuant to Miss. Code Ann. § 71-5-519 the decision of the Appeals Referee became final on the expiration of the fourteen-day deadline, and absent a showing of "good cause" this decision was conclusive. *Miss. Employment Sec. Comm'n v. Edwards*, 763 So.2d 194, 196 (Miss. 2000). The Sheriff's Department failed to provided any evidence to support a showing of "good cause" for its failure to timely appeal to the Board of Review.  The circuit court should have addressed this appeal strictly on the "undisputed fact" that the Sheriff Department's appeal was untimely. The circuit court committed reversible error by substituting its opinion for that of the Board of Review by addressing the merits of an untimely appeal.

## CONCLUSION

¶14.    The Sheriff's Department does not dispute that it failed to timely file an appeal with the Board of Review. Due to this failure, the decision of the Appeals Referee became final upon the expiration of the fourteen-day time limit.  Thus, the Board of Review properly dismissed the Sheriff's Department's appeal from the decision of the Appeals Referee, and the circuit court erred in  ruling otherwise. Therefore, we reverse the judgment of the Marion County Circuit Court, and we render judgment here reinstating the decision of the MESC Board of Review.

¶15.    **REVERSED AND RENDERED.**

**PITTMAN, C.J., SMITH AND WALLER, P.JJ., COBB, EASLEY, CARLSON AND DICKINSON, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**

6