FAIR, J.,
for the Court:
¶ 1. The Mississippi Department of Employment Security (MDES) denied unemployment benefits to Menkem Onyia after it determined he had failed to file a timely appeal to the MDES Board of Review, the final stage of the administrative process. Onyia disputed that finding for the first time on appeal to the circuit court. As the circuit court could not consider new evidence on appeal, we must affirm its judgment.
FACTS
¶ 2. Onyia sought unemployment benefits after leaving his employer, Integrated Management Services, where he worked as an inspector for approximately nineteen months. Onyia’s separation from his employment followed a visit to his native Nigeria. He had intended to stay three to four weeks, but political turmoil in that country prevented his return to the United States for approximately three months. During his time out of the country, Onyia failed to contact his employers to apprise them of the delay. When Onyia returned and attempted to resume his employment, he was told he had long since been replaced.
¶ 3. On October 1, 2010, Onyia made his initial application for unemployment benefits with the Mississippi Department of Employment Security. The claims examiner denied benefits, finding that Onyia had left work for personal reasons and thus abandoned his job. Onyia appealed to the Administrative Law Judge (ALJ), who conducted a telephonic hearing that led him to the same conclusion. Onyia then attempted to appeal to the MDES Board of Review, but the Board found his appeal untimely. In his appeal Onyia contended that the ALJ’s decision was based on a misunderstanding stemming from On-yia’s unfamiliarity with the English language. The appeal included affidavits from two coworkers at Integrated Management Services attesting to Onyia’s efforts to contact his employer during his time in Nigeria.
¶ 4. Onyia proceeded to appeal the MDES decision to the circuit court, which found that the appeal to the Board of Review had been untimely. The circuit court affirmed the denial of benefits. On-yia appealed that decision to the Mississippi Supreme Court, and the case has been assigned to this Court.
DISCUSSION
¶ 5. The issue presented by today’s case is whether Onyia’s appeal from the ALJ to the Board of Review was timely. If it was not, he is bound by the ALJ’s decision unless he makes a showing of good cause for the failure to timely appeal. See Miss. Dept. of Employment Sec. v. Good Samaritan Pers. Servs., Inc., 996 So.2d 809, 813 (¶ 11) (Miss.Ct.App.2008).
¶ 6. Onyia contends that his appeal was timely filed; he does not, in substance, argue good cause for filing a late appeal. According to Onyia, his appeal was delivered by the post office to MDES on time, but MDES did not acknowledge it until several days later. He also contends that he appealed to the Board of Review by telephone, which MDES failed to record.
¶ 7. To be timely, Onyia’s appeal to the Board of Review must have been received by MDES within fourteen days of the mailing of the ALJ’s decision. Miss.Code Ann. § 71-5-519 (Rev.2011). This rule is established by statute, and since MDES is an administrative agency deriving its authority from statute, the statute must be strictly construed and strictly enforced. Miss. Employment Sec. Comm’n v. Mar *1138 ion County Sheriff’s Dep’t, 865 So.2d 1153, 1156 (¶ 8) (Miss.2004). ■
¶ 8. The record created in the MDES proceedings contains the ALJ’s order denying benefits, which reflects that it was mailed to Onyia on November 19, 2010. The date and sufficiency of this mailing are not contested. The statutory deadline for Onyia to file an appeal to the Board of Review was therefore December 3, 2010, a Friday. The ALJ’s decision included a notice to Onyia informing him of this deadline. These facts are also uncontested. Onyia’s appeal to the Board of Review is found in the record, stamped: “Received/December 07 2010/Board of Review.”
¶ 9. The record created before MDES gives no reason to doubt that Onyia’s appeal to the Board of Review was untimely.
¶ 10. Onyia disagrees with that finding, however. In support, he submitted to the circuit court documents that show his appeal was mailed on December 2 and that he received a return receipt dated November 6, 2010. According to Onyia, since his appeal was mailed from Jackson, Mississippi, to the MDES offices in the same city, it is reasonable to conclude that it was actually received the next day. He contends that the impossible dating of the postal return receipt as November 6, together with the stamped receipt of December 7, indicate that MDES’s records are unreliable. He also asserts that he called MDES on December 3 and was told that his appeal had been made, either because it had been already been received through the mail or because he had effectuated an appeal by phone, which is an accepted method of filing the appeal. In his brief, Onyia provides a detailed account of this discussion with an MDES employee named Janice.[1]
¶ 11. The problem with Onyia’s contentions is that they are entirely unsupported by the record created before MDES. Since both this Court and the circuit court are acting as courts of appeal from administrative proceedings, we are limited to the facts as established in the record created before the agency; courts cannot hear new evidence except in the most extraordinary circumstances. See Hernando Bank v. Davidson, 250 Miss. 23, 38-40, 164 So.2d 403, 409-10 (1964). The statute provides, in pertinent part: “In any judicial proceedings under this section, the findings of the [Bjoard of [Rjeview as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.” Miss.Code Ann. § 71-5-531 (Rev.2011).
¶ 12. Although the issue has not been directly raised in the briefs, we are aware that MDES provided no obvious opportunity for Onyia to introduce evidence in response to the Board of Review’s decision that his appeal was untimely. The same situation occurred in Mississippi Employment Security Commission v. Edwards, 763 So.2d 194, 196-97 (¶¶ 9-11) (Miss.Ct.App.2000), where this Court noted that regulations promulgated by MDES do not clearly state that the Board of Review— which does not ordinarily reconsider its decisions — must entertain a motion for reconsideration after it has found an appeal untimely.[2] If MDES did not, it would be a *1139 “Catch 22” preventing judicial review. Id. at 197 (¶ 9). We held, however:
It is the opinion of this Court that the Board of Review, when conducting an inquiry into the timeliness of a notice of appeal, is conducting a “hearing” within the contemplation of this regulation. We are further satisfied that the Board’s review of the claimant’s notice of appeal to determine the date that it was filed constitutes the receipt of “additional evidence” not considered by the referee within the meaning of the regulation. Therefore, assuming that the claimant was not present when the Board of Review considered the matter of the timeliness of Edwards’s appeal notice, we conclude that, from a procedural standpoint, Edwards should have sought reconsideration of the Board’s ruling based upon a showing of good cause for his delay.
Id. at (¶ 11).
¶ 13. We reaffirm our holding in Edwards. Nonetheless, it would behoove MDES to clearly inform claimants and other parties of their right to file a motion for reconsideration after their appeal has been dismissed as untimely.
¶ 14. The record contains substantial evidence supporting MDES’s finding that Onyia’s appeal was untimely. We are constrained to affirm the judgment upholding MDES’s denial of benefits.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ„ CONCUR.

. For its part, MDES acknowledges that On-yia could have spoken with an employee named Janice, but it asserts she worked in another department and would not have been involved in the appeals process.

. The current regulations state substantially the same thing as they did in 2000. See Mississippi Department of Employment Security, Unemployment Insurance Regulations § 202.04 (2010), available at http://mdes.ms. *1139 gov/Home/docs/RegulationsDecember2010. pdf.