# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CC-01584-COA

**EDDIE J. DAVIS**                                                                 **APPELLANT**

v.

**MISSISSIPPI DEPARTMENT OF**                                        **APPELLEE**
**EMPLOYMENT SECURITY**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/06/2013 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDDIE J. DAVIS (PRO SE) |
| ATTORNEYS FOR APPELLEE: | ALBERT BOZEMAN WHITE |
| | LEANNE FRANKLIN BRADY |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| TRIAL COURT DISPOSITION: | AFFIRMED BOARD OF REVIEW'S DISMISSAL OF UNTIMELY APPEAL |
| DISPOSITION: | AFFIRMED - 09/16/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., MAXWELL AND FAIR, JJ.

### MAXWELL, J., FOR THE COURT:

¶1.     In his appeal of the denial of benefits from the Mississippi Department of Employment Security (MDES), Eddie J. Davis focuses only on why he thinks the decision by the administrative law judge (ALJ) was wrong.  But the merits of the ALJ's decision are simply not before us.  The ALJ's decision became final and binding on MDES's Board of Review when Davis failed to appeal within fourteen days.  Because there is nothing in the record to show "good cause" for why Davis's appeal was late, we affirm.

### Procedural History

¶2.     Davis applied for unemployment benefits after being fired from the sales department of Columbus Nissan, Inc. MDES initially denied benefits because Davis had been terminated for acting inappropriately during a sales-team meeting. Within fourteen days of being mailed this initial decision, Davis requested a hearing. *See* Miss. Code Ann. § 71-5-517 (Rev. 2011).

¶3.     On May 21, 2013, the ALJ conducted a telephonic hearing with Davis and Davis's former general manager. During this hearing, the ALJ confirmed not once, but twice, that Davis's mailing address was correct. At the end of the hearing, the ALJ concluded Davis had in fact been fired for misconduct connected to his work, which disqualified him from receiving unemployment benefits. *See* Miss. Code Ann. § 71-5-513(1)(b) (Rev. 2011).

¶4.     The very next day, May 22, 2013, the ALJ mailed her decision to Davis. The decision expressly stated that the "decision will become final on 06/05/13, which is fourteen (14) calendar days from the date this decision was mailed, unless you file an appeal with the Board of Review and/or request a hearing of the case by 06/05/13." While Davis did appeal, he waited too late. He filed his appeal June 6, 2013—one day *after* the ALJ's decision had become final. Thus, the Board dismissed Davis's appeal as untimely.

¶5.     Davis appealed to the circuit court. He began his brief by claiming the reason his appeal to the Board of Review was late was that he had never received the ALJ's decision. The circuit court affirmed the Board's decision.

¶6.     Davis further appealed to this court. In his brief submitted to this court, he does not mention the fact his appeal to the Board of Review was dismissed as untimely. Nor does he try to explain why his tardiness should be excused.

2

**Discussion**

¶7. Though Davis's appeal ignores the fact the ALJ's decision became final and binding on June 5, 2013, we cannot. The procedures for unemployment-benefits cases like Davis's are governed by statute. While Mississippi Code Annotated section 71-5-519 (Rev. 2011) allows a party to appeal a decision by the ALJ to the Board of Review, the appeal must be made within fourteen days. And "[u]nless the notification of the decision is made by means other than mailing, the fourteen-day time period to appeal to the Board of Review begins to run on the date that notice is mailed to the parties." *Miss. Emp't Sec. Comm'n v. Marion Cnty. Sheriff's Dep't*, 865 So. 2d 1153, 1156 (¶8) (Miss. 2004) (citing *Wilkerson v. Miss. Emp't Sec. Comm'n*, 630 So. 2d 1000, 1002 (Miss. 1994)). Here, the ALJ gave Davis notice by mail on May 22, 2013, using the address Davis had just confirmed the day before during the telephonic hearing. So his fourteen-day period to appeal began running on May 22, 2013. Because he did not appeal the ALJ's decision within those fourteen days, "that decision [became] binding on the Board of Review." *Id.*

¶8. While Davis's appeal was only one day late, the Mississippi Supreme Court has made clear that this fourteen-day period must be strictly construed. *Id.* (citing *Wilkerson*, 630 So. 2d at 1002). In fact, in *Wilkerson*, the supreme court chastised the MDES for accepting an appeal filed *one day late*, because the agency had no authority to go outside the statute's confines and allow parties an extra three days to appeal. *Wilkerson*, 630 So. 2d at 1001-02.

¶9. The only way to get around this hard deadline is to show "'good cause' . . . that the mailing to the last known address was not reasonably calculated, under all circumstances, to apprise the party of the decision." *Marion Cnty. Sheriff's Dep't*, 865 So. 2d at 1157 (¶10)

3

(citations omitted). But merely denying notice was received—which is all Davis did—is not enough to establish good cause. *Id.* Instead, Davis needed to put forth "sufficient evidence to show that [he] failed to receive the mailing due to delays in the mail or because of an act beyond [his] control." *Id.* But Davis offered no such evidence. Thus, we find the circuit court properly affirmed the Board of Review's decision that Davis's appeal was untimely.

¶10. For the same reason, we too affirm.

¶11. **THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT IS AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.**