## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CC-01422-COA

**MISSISSIPPI DEPARTMENT OF**                             **APPELLANT**
**EMPLOYMENT SECURITY**

**v.**

**ARDERS MATTHEWS**                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/17/2015 |
| TRIAL JUDGE: | HON. CAROL L. WHITE-RICHARD |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ALBERT B. WHITE |
| | ANNA CRAIN CLEMMER |
| ATTORNEY FOR APPELLEE: | ARDERS MATTHEWS (PRO SE) |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| TRIAL COURT DISPOSITION: | REVERSED THE DECISION OF THE BOARD OF REVIEW OF THE MISSISSIPPI DEPARTMENT OF EMPLOYMENT SECURITY |
| DISPOSITION: | REVERSED AND RENDERED - 10/25/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.     An administrative law judge (ALJ) for the Mississippi Department of Employment Security (MDES) denied Arders Matthews's claim for unemployment benefits after finding that he had been discharged for misconduct. Matthews attempted to appeal to the MDES Board of Review (Board), but the Board dismissed the appeal as untimely because it was filed thirty days after the deadline for appealing the ALJ's decision. Matthews then appealed to the Washington County Circuit Court, and the circuit court reversed the Board on the

merits without addressing the untimeliness of Matthews's appeal to the Board.

¶2. Matthews has offered no reason or justification for his untimely appeal, so the decision of the Board must be affirmed. Accordingly, we reverse and render the judgment of the circuit court.

## FACTS AND PROCEDURAL HISTORY

¶3. Matthews was a cook at Harlow's Casino (the "Casino") in Greenville from July 2014 to January 2015, when he was terminated pursuant to the Casino's attendance policy. The Casino's policy assigns points to various infractions (no-shows, absences, tardies, etc.), and provides that an employee will be terminated if he accumulates ten points in a twelve-month period. Matthews accumulated ten points and was terminated.

¶4. Matthews sought unemployment benefits, but an MDES claims examiner denied his claim after determining that he had been discharged due to misconduct. Matthews filed a timely appeal from the claims examiner's decision.

¶5. A telephonic hearing was held before an ALJ, and the ALJ affirmed. Like the claims examiner, the ALJ found that Matthews had been discharged for misconduct, namely, missing a mandatory staff meeting and numerous tardies, which resulted in his dismissal pursuant to the Casino's attendance policy. The ALJ's decision was dated and mailed on March 17, 2015. The decision expressly advised Matthews that he had fourteen calendar days to appeal and that the decision would become final if it was not appealed by March 31, 2015.

¶6. Matthews attempted to appeal on April 30, 2015. As permitted by MDES rules, he

2

apparently attempted to notice his appeal telephonically. *See* Miss. Admin. Code § 20-1-101:200.01(B)(5). The administrative record indicates that Matthews stated that he did not agree with the ALJ's decision and was not aware that he could file an appeal. The Board dismissed Matthews's appeal as untimely. *See* Miss. Code Ann. § 71-5-519 (Rev. 2011).

¶7. Matthews then filed a pro se appeal in circuit court. After the administrative record was filed, the circuit court concluded that Matthews had not been discharged for misconduct because the Casino had misapplied its own attendance policy by mistakenly assigning a full point for some tardies that should have counted only half a point.[1] Based on this determination, the circuit court reversed the decision of the Board. The circuit court did not consider whether the Board properly dismissed Matthews's appeal as untimely.

¶8. MDES appealed the decision of the circuit court and argues that the circuit court was bound to affirm the decision of the Board because Matthews's appeal to the Board was untimely. Matthews has not filed a brief on appeal.

**ANALYSIS**

¶9. When a party seeks judicial review of a decision of the Board, "the findings of the Board . . . as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." Miss. Code Ann. § 71-5-531 (Rev. 2011). Mississippi Code Annotated section 71-5-519 provides

---

[1] Although we decide the case on other grounds, we note that the record does not support the circuit court's conclusion. The circuit court stated that the Casino erred by assigning Matthews a full point for tardies during peak periods because the Casino's own policy assigned only a half point to such tardies. However, the Casino's policy actually assigned a half point for every tardy *and* a half point "add-on" if the tardy was during a peak period.

that a claimant has fourteen days to appeal to the Board from the decision of an ALJ. Here, Matthews waited another thirty days and filed his appeal *forty-four* days after the ALJ rendered a decision, and the Board dismissed the appeal for that reason.

¶10. In a number of cases, the Supreme Court and this Court have affirmed decisions of the Board dismissing appeals that were not filed within the time required by the statute. *See, e.g.*, *Davis v. MDES*, 147 So. 3d 385 (Miss. Ct. App. 2014); *Onyia v. Miss. Emp't Sec. Comm'n*, 98 So. 3d 1136 (Miss. Ct. App. 2012). For example, this Court affirmed in *Davis* even though the claimant's appeal was filed only one day late. *Davis*, 147 So. 3d at 386 (¶8). In *Onyia*, the claimant's appeal was received only four days late, he submitted documents to the circuit court showing that he had mailed his appeal in Jackson within the statutory period, and he maintained that an MDES employee confirmed its timely receipt by telephone. *Onyia*, 98 So. 3d at 1138 (¶¶8-11). Nonetheless, this Court affirmed the Board's dismissal of the appeal because the administrative record contained substantial evidence to support the Board's finding that the appeal was untimely. *Id.* at 1139 (¶14).

¶11. The administrative record in this case shows that Matthews waited until thirty days after the statutory deadline to appeal, which was clearly set out in the ALJ's decision. "The only way to get around this hard deadline is to show 'good cause,'" such as by showing that mailing the ALJ's decision to the claimant's "last known address was not reasonably calculated, under all circumstances, to apprise [the claimant] of the decision." *Davis*, 147 So. 3d at 386-87 (¶9) (quoting *Miss. Emp't Sec. Comm'n v. Marion Cty. Sheriff's Dep't*, 865 So. 2d 1153, 1156 (¶10) (Miss. 2004)) (quotation marks omitted). This requires the claimant

4

to put forward evidence that he did not receive the ALJ's decision in a timely manner due to circumstances beyond his control. *See id.* Matthews put forward no such evidence. Indeed, as noted above, the administrative record shows only that he did receive the decision and may not have realized that he could appeal. That would be no excuse, as the ALJ's decision clearly advised him of his right to appeal. Therefore, the Board's decision is supported by substantial evidence and must be affirmed. *Onyia*, 98 So. 3d at 1139 (¶14).

## CONCLUSION

¶12. The judgment of the circuit court is reversed and rendered. The decision of the Board dismissing Matthews's appeal as untimely and denying benefits is reinstated.

¶13. **THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY IS REVERSED AND RENDERED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND GREENLEE, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**