996 So.2d 809 (2008)
MISSISSIPPI DEPARTMENT OF EMPLOYMENT SECURITY, Appellant
v.
GOOD SAMARITAN PERSONNEL SERVICES, INC., Appellee.
No. 2007-CC-01623-COA.
Court of Appeals of Mississippi.
November 25, 2008.
*811 Albert B. White, Madison, attorney for appellant.
Good Samaritan Personnel Services, Inc., Appellee, pro se.
Before MYERS, P.J., GRIFFIS and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. The Mississippi Department of Employment Security (MDES) appeals the Hinds County Circuit Court's decision to deny unemployment benefits to Ruby J. McCoy. Initially, McCoy was awarded benefits by a MDES claims examiner based on her employment and subsequent termination by Good Samaritan Personnel Services, Inc. (Good Samaritan). Approximately seven months later, Good Samaritan appealed the decision to the MDES Board of Review, which affirmed the decision of the claims examiner based on the fact that Good Samaritan's appeal was untimely. On further appeal, the circuit court reversed the decision of the Board of Review, finding that McCoy was an independent contractor and not an employee of Good Samaritan. Finding that Good Samaritan's appeal was untimely, we reverse the judgment of the circuit court and render judgment to reinstate the decision of the Board of Review.

FACTS AND PROCEDURAL HISTORY
¶ 2. McCoy was employed by Good Samaritan as a certified nurse's assistant from September 2003 until March 15, 2005, when she was laid off due to lack of work. Subsequently, McCoy filed a claim for unemployment benefits with the MDES. After investigating McCoy's claim, the MDES determined that she qualified for unemployment benefits. On July 14, 2005, a letter was mailed to Good Samaritan notifying it of McCoy's eligibility and of the claims examiner's finding that McCoy was not subject to disqualification based on her refusal of work. The letter also stated that Good Samaritan had fourteen days from the date of the letter to appeal the decision.
¶ 3. Good Samaritan did not appeal the decision until February 17, 2006, seven months after the notification letter was mailed by the MDES. A telephonic hearing before a MDES administrative appeals officer was held for the limited purpose of determining whether Good Samaritan's appeal to the administrative appeals officer was timely filed. At the hearing, Good Samaritan presented two witnesses, Gail Frizzell and Cindy Franklin, who both testified that they had never received the notification letter from the MDES. Franklin, the office manager for Good Samaritan, testified that she did not become aware of McCoy's claim until February 6, 2006, when she received a notice that the company's account would be charged the amount of $113.72 because of unemployment benefits paid to McCoy. Frizzell, Good Samaritan's CEO, testified that she acquired majority ownership interest of the company on February 1, 2006. As *812 part of her due diligence in contemplation of purchasing the company, Frizzell went through all documentation pertaining to the company prior to her purchase, which included all correspondence and all corporate books and records. Frizzell testified that during this time, she never came across the notification letter.
¶ 4. After reviewing the record, the administrative appeals officer found that pursuant to Mississippi Code Annotated section 71-5-517 (Supp.2008), Good Samaritan had fourteen days from the claims examiner's July 14, 2005, decision in which to appeal. The administrative appeals officer further found that Good Samaritan's appeal was untimely because it was not filed until February 17, 2006. Finding that Good Samaritan failed to show good cause for its untimely filing, the appeal was dismissed. Good Samaritan appealed the administrative appeals officer's decision to the MDES Board of Review, which affirmed it.
¶ 5. Subsequently, Good Samaritan appealed to the Hinds County Circuit Court. In its appeal, Good Samaritan argued that McCoy was not entitled to benefits because she was not its employee under the Mississippi Supreme Court's decision in Mississippi Employment Security Commission v. PDN, Inc., 586 So.2d 838, 843 (Miss.1991). After reviewing the record, the circuit court reversed the decision of the Board of Review. In doing so, the circuit court held that Good Samaritan was not a statutory employer under the Mississippi Employment Security Act; therefore, the MDES had no jurisdiction over Good Samaritan. It is from this decision that the MDES now appeals.

STANDARD OF REVIEW
¶ 6. This court's standard of review of an administrative agency's findings and decisions is well established. An agency's conclusions must remain undisturbed unless the agency's order: (1) is not supported by substantial evidence, (2) is arbitrary or capricious, (3) is beyond the scope or power granted to the agency, or (4) violates a statutory or constitutional right of the complaining party. Miss. Comm'n on Envtl. Quality v. Chickasaw County Bd. of Supervisors, 621 So.2d 1211, 1215 (Miss.1993). "A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise." Sprouse v. Miss. Employment Sec. Comm'n, 639 So.2d 901, 902 (Miss.1994). Lastly, this Court must not reweigh the facts of the case or insert its judgment for that of the agency when there is substantial evidence to support the finding. Miss. Pub. Serv. Comm'n v. Merchs. Truck Line, Inc., 598 So.2d 778, 782 (Miss.1992).

DISCUSSION
¶ 7. Before addressing the issues presented by the MDES, we must note that Good Samaritan has failed to file a brief with this Court. We have long held that an appellee's failure to file a brief "is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and [the] brief of [the] appealing party, that there was no error." Varvaris v. Perreault, 813 So.2d 750, 752(¶ 5) (Miss.Ct.App.2001) (quoting Dethlefs v. Beau Maison Dev. Corp., 458 So.2d 714, 717 (Miss.1984)). However, "[a]utomatic reversal is not required where [an] appellee fails to file a brief." Id. (quoting N.E. v. L.H., 761 So.2d 956, 962(¶ 14) (Miss.Ct.App.2000)). In order to merit reversal, "[t]he appellant's argument `should at least create enough doubt in the judiciousness of the trial court's judgment that this Court cannot say with confidence that the case should be affirmed.'" Id. (quoting *813 Selman v. Selman, 722 So.2d 547, 551(¶ 13) (Miss.1998)).
¶ 8. The MDES raises multiple issues in arguing that the circuit court judge acted arbitrarily and capriciously in reversing the decision of the Board of Review. However, these issues can essentially be consolidated into whether Good Samaritan failed to timely file an appeal, which deprived the circuit court of jurisdiction to rule on the matter.

Whether Good Samaritan's appeal was untimely.
¶ 9. Procedure in an unemployment benefits case before the MDES is governed by Mississippi Code Annotated section 71-5-517. The statute sets out the applicable appeal period for a claimant or employer who wishes to appeal the initial determination of a MDES claims examiner. It provides, in pertinent part, to wit: "The claimant or any party to the initial determination or amended initial determination may file an appeal from such initial determination or amended initial determination within fourteen (14) days after notification thereof, or after the date such notification was sent to his last known address." Miss.Code Ann. § 71-5-517; see also Wilkerson v. Miss. Employment Sec. Comm'n, 630 So.2d 1000, 1002 (Miss. 1994); Cane v. Miss. Employment Sec. Comm'n, 368 So.2d 1263, 1263 (Miss.1979).
¶ 10. This fourteen-day time period is to be strictly construed, and unless the notification of the decision is made by means other than mailing to the last known address, the time period to appeal to the Board of Review begins to run on the date that notice was sent to the parties. Wilkerson, 630 So.2d at 1002. Under the MDES appeals statutes, the fourteen-day time period may be relaxed or extended if there is a showing of "good cause" by the appellant that the mailing to the last known address was not "reasonably calculated, under all the circumstances, to apprise" the party of the decision. Holt v. Miss. Employment Sec. Comm'n, 724 So.2d 466, 470(¶ 17) (Miss.Ct. App.1998); see also Booth v. Miss. Employment Sec. Comm'n, 588 So.2d 422, 428 (Miss.1991); Cane, 368 So.2d at 1264.
¶ 11. The record reflects that on July 14, 2005, the MDES mailed the letter notifying Good Samaritan of the claims examiner's decision to grant McCoy benefits. The record also reflects that the letter was mailed to Good Samaritan's last known address, that being 1202 Canterbury Lane, Clinton, MS 39056. Therefore, in order for Good Samaritan's notice of appeal to be timely filed, it should have been filed with the MDES by July 28, 2005. It is undisputed that Good Samaritan did not file its notice of appeal until February 17, 2006, which was seven months after its appeal period had expired. Since Good Samaritan's appeal was not timely filed, the circuit court could only decide the case in Good Samaritan's favor if Good Samaritan could show good cause for its untimely appeal.
¶ 12. Good Samaritan contends that it failed to timely file an appeal because it did not receive notification of the claims examiner's decision until February 16, 2006. At the telephonic hearing, Good Samaritan presented the testimonies of Franklin and Frizzell, who alleged that they would have found the letter if it had been sent to Good Samaritan. Both testified that they never saw the letter. However, this evidence is insufficient to satisfy the law's definition of good cause. "Good cause is established when there is sufficient evidence to show that a party failed to receive the mailing due to delays in the mail or because of an act beyond the party's control." Miss. Employment Sec. Comm'n v. Marion County Sheriff's Dep't, *814 865 So.2d 1153, 1157(¶ 10) (Miss.2004). "Mere denial that the notice was received, without supporting evidence, fails to constitute good cause for failing to timely appeal." Id.; see also Holt, 724 So.2d at 470(¶ 19). By statute, the MDES is only obligated to mail notification of a claims examiner's decision to the last known address of the claimant and of any party to the initial determination or amended initial determination. Miss.Code Ann. § 71-5-517. Good Samaritan has failed to provide any evidence that its failure to receive notice of the claims examiner's decision was due to an act beyond its control. There is no claim that there was a failure on the part of the United States Postal Service to properly deliver the mail. "Moreover, there is a presumption that the majority of mail is delivered on a timely basis." Marion County Sheriff's Dep't, 865 So.2d at 1157(¶ 10). Therefore, Good Samaritan has not provided sufficient evidence to overcome this presumption.
¶ 13. The MDES provided Good Samaritan with all of the notice to which it was entitled. Given that Good Samaritan's ability to receive its mail, and specifically the notification, was within its control, we find that the record does not present any set of facts that would support a showing of good cause to excuse Good Samaritan's untimely filing. Accordingly, the circuit court lacked jurisdiction to reverse the decision of the Board of Review, as the issue was procedurally barred at the administrative level. More specifically, the circuit court erred by considering Good Samaritan's status as an employer because such was outside of its authority.
¶ 14. After carefully reviewing the record and considering the MDES's brief and Good Samaritan's lack thereof, we cannot say with confidence that the circuit court did not err. At the very least, the MDES has cast doubt on the judiciousness of the circuit court's judgment. Consequently, we find that the circuit court erred by considering the status issue and subsequently reversing the decision of the Board of Review. Therefore, the judgment of the circuit court is reversed, and the decision of the Board of Review with regard to McCoy's eligibility for benefits is reinstated.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS REVERSED AND RENDERED.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.