FAIR, J.,
for the Court:
¶ 1. The Mississippi Department of Employment Security (MDES) denied unemployment benefits to Rosetta Jackson after *300 it determined she had failed to file a timely appeal of the claims examiner’s decision. The Forrest County Circuit Court affirmed that decision. Finding no error, we affirm the judgment of the circuit court.
FACTS
¶2. Jackson was employed by LBAM Investor Group LLC as a hotel housekeeper from October 15, 2011, to January 3, 2012. She was discharged due to a verbal altercation with her supervisor. Jackson applied for unemployment benefits with MDES. After conducting an investigation, the MDES claims examiner denied Jackson benefits due to work misconduct.
f 3. On February 4, 2012, Jackson received a “Notice of Nonmonetary Determination Decision” in the mail, informing her that her benefits were denied. The letter informed her that she had until February 18, 2012, to appeal the decision. The letter also stated that if she filed an appeal later than February 18, a hearing would be held to determine whether she had good cause for filing late. Jackson did not file her appeal until February 28, 2012.
¶ 4. The administrative law judge (ALJ) conducted a telephonic hearing with Jackson. After reviewing the record, the ALJ found that pursuant to Mississippi Code Annotated section 71-5-517 (Rev.2011), Jackson had fourteen days from the claims examiner’s February 4, 2012 decision in which to appeal. Consequently, the ALJ stated that Jackson’s appeal was not timely because it was not filed until February 28, 2012. Finding that Jackson failed to show good cause for her untimely filing, the appeal was dismissed. Jackson appealed the ALJ’s decision to the MDES Board of Review, which affirmed the decision. Jackson appealed the MDES decision to the Forrest County Circuit Court. The circuit court affirmed that decision. Jackson now appeals to this Court.
STANDARD OF REVIEW
¶ 5. “The scope of review in an unemployment-compensation case is limited. Absent fraud, the findings of fact of the Board of Review are conclusive if supported by substantial evidence.” Brown v. Miss. Dep’t of Emp’t Sec., 29 So.3d 766, 769 (¶ 9) (Miss.2010) (citation omitted). “A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise.” Sprouse v. Miss. Emp’t Sec. Comm’n, 639 So.2d 901, 902 (Miss.1994).
DISCUSSION
¶ 6. Jackson argues before this Court that her appeal was timely under Mississippi Code Annotated section 71-5-529 (Rev.2011), which states that “[a]ny decision of the Board of Review, in the absence of an appeal therefrom as herein provided, shall become final ten (10) days after the date of notification.... ” Section 71-5-529 governs appeals of decisions from the Board of Review. The timeliness of Jackson’s appeal, from the Board of Review’s decision is not an issue in this case. This argument is without merit.
¶ 7. Mississippi Code Annotated section 71-5-517 sets out the applicable period for a claimant or employer to appeal the initial determination of an MDES claims examiner. The statute provides that “[t]he claimant or any party to the initial determination or amended initial determination may file an appeal from such initial determination or amended initial determination within fourteen (14) days after notification thereof, or after the date such notification was sent to his last known address.” Miss.Code Ann. § 71-5-517.
¶ 8. “This fourteen-day time period is to be strictly construed, and unless the notification of the decision is made by *301 means other than mailing to the last known address, the time period to appeal to the Board of Review begins to run on the date that notice was sent to the parties.” Miss. Dep’t of Emp’t Sec. v. Good Samaritan Pers. Servs., Inc., 996 So.2d 809, 818 (¶ 10) (Miss.Ct.App.2008) (citation omitted). However, the fourteen-day time period may be relaxed or extended if there is a showing of “good cause” by the appellant. Holt v. Miss. Emp’t Sec. Comm’n, 724 So.2d 466, 470 (¶ 17) (Miss.Ct.App.1998). “Good cause is established when there is sufficient evidence to show that a party failed to receive the mailing due to delays in the mail or because of an act beyond the party’s control.” Miss. Emp’t Sec. Comm’n v. Marion Cnty. Sheriff's Dep’t, 865 So.2d 1153, 1157 (¶ 10) (Miss.2004).
¶ 9. Jackson received a notice of the claims examiner’s decision on February 4, 2012. Pursuant to section 71-5-517, the deadline for Jackson to file the appeal of the claims examiner’s decision was February 18, 2012. Jackson did not file her appeal until February 28, 2012. The record reflects that the decision was sent to her correct mailing address in a timely manner. At the telephonic hearing, Jackson stated she received the claims examiner’s decision. When asked why she did not file the appeal in a timely manner, Jackson simply stated that she had other things going on and that she thought her claim would be denied anyway.
¶ 10. Pursuant section 71-5-517, the MDES provided Jackson with all of the notice to which she was entitled. Given that Jackson’s ability to receive her mail was within her control, we find that the record does not present any set of facts that would support a showing of good cause to excuse Jackson’s untimely filing. Therefore we affirm the circuit court’s decision, which affirmed the MDES’s denial of unemployment benefits to Jackson.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS AFFIRMED.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.