JAMES, J.,
for the Court:
¶ 1. Kelsey Nobach was terminated from her position as an activity aide at Woodland Village Nursing Center LLC for violating its alleged disciplinary policy. Initially Nobach was denied benefits by a Mississippi Department of Employment Security (MDES) claims examiner. No-bach appealed to an administrative law judge (ALJ), who reversed the denial of benefits. Woodland Village appealed to the MDES Board of Review, and the Board of Review affirmed. Woodland Village next appealed to circuit court, which also affirmed. Upon review, we find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Nobach was employed as an activity aide at Woodland Village from August 2008 to September 2009. Nobach was terminated when she refused to recite the Rosary[1] with a resident on September 24, *949 2009. The write-up that resulted was her fifth write-up.[2] Nobach was informed that she was being terminated for receiving a fifth write-up and for her insubordination by refusing to recite the Rosary as scheduled on the activity calendar.
¶ 3. On September 24, 2009, Nobach filed for unemployment benefits with MDES. After an investigation, the MDES claims examiner disqualified Nobach from receiving unemployment-insurance benefits, finding that Nobach was discharged for receiving five write-ups in one year, contrary to the employer’s stated policy. The “Notice of Nonmonetary Determination Decision” was dated October 6, 2009. Nobach appealed on October 21, 2009, one day past the fourteen-day time limit for filing. A telephonic hearing before an ALJ was held on November 25, 2009, to determine the timeliness of Nobach’s appeal. The ALJ ruled that the appeal was timely filed and should be heard on the merits.
¶ 4. Another telephonic hearing was held March 27, 2010, and March 29, 2010, before an ALJ. The ALJ reversed the claims examiner’s denial of benefits, finding that Woodland Village failed to prove that No-bach was aware of the disciplinary policy and finding also that Nobach’s refusal to recite the Rosary did not amount to insubordination under Mississippi law.
¶ 5. Woodland Village appealed the ALJ’s ruling to the Board of Review. Adopting the ALJ’s findings of fact and conclusions of law, the Board of Review affirmed. Woodland Village next appealed to the Circuit Court of Hancock County, which affirmed. Woodland Village now appeals to this Court, raising the following issues: (1) whether Nobach’s appeal was untimely, and (2) whether MDES’s decision was arbitrary and capricious and against the overwhelming weight of the evidence.
STANDARD OF REVIEW
¶ 6. We review the circuit court’s judgment affirming the Board of Review’s decision utilizing an abuse-of-diseretion standard. Miss. Dep’t of Emp’t Sec. v. Clark, 13 So.3d 866, 870 (¶ 8) (Miss.Ct. App.2009) (citing Howell v. Miss. Emp’t Sec. Comm’n, 906 So.2d 766, 769 (¶7) (Miss.Ct.App.2004)). This Court gives great deference to an administrative agency’s findings and decisions and will not reweigh the facts or attempt to substitute our judgment for that of the agency. Gordon v. Miss. Emp’t Sec. Comm’n, 864 So.2d 1013, 1015 (¶ 7) (Miss.Ct.App.2004). An agency’s decision will be overturned only where the decision: “(1) is not supported by substantial evidence; (2) is arbitrary or capricious; (3) is beyond the scope or power granted to the agency; or (4) violates [the claimant’s] constitutional rights.” Id.
DISCUSSION
I. Whether Nobach’s appeal was timely.
¶ 7. Woodland Village first argues that Nobach failed to timely appeal the decision of the claims examiner and failed to show good cause for her late filing. Mississippi Code Annotated section 71-5-517 (Rev. 2012) provides that “[t]he claimant or any party to the initial determination or amended initial determination may file an *950 appeal from such initial determination or amended initial determination within fourteen (14) days after notification thereof, or after the date such notification was sent to his last known address.” Here, the fourteen-day period commenced on October 6, 2009. Thus, the deadline to file an appeal was October 20, 2009. Nobach’s appeal, which was not filed until October 21, 2009, was therefore untimely. A hearing was held on November 25, 2009, before an ALJ, who found good cause for the untimely filing.
¶ 8. We find that Woodland Village has waived the issue of the untimeliness of Nobach’s appeal. The Mississippi Supreme Court has held that “[t]he timeliness of an appeal from a claims examiner’s initial determination to the ALJ is nonju-risdictional, and hence, it is a waivable issue.” Brown v. Miss. Dep’t of Emp’t Sec., 29 So.3d 766, 772 (¶ 17) (Miss.2010). A review of the record reveals that Woodland Village did not raise this issue at the hearing before the ALJ or in its appeal to the Board of Review. This issue was first raised on appeal before the circuit court; therefore, this issue is procedurally barred.
¶9. However, even if this issue were properly before this Court, there is nothing in the record to indicate that the ALJ’s finding was contrary to the regulation providing that the agency has the discretionary authority to consider an untimely filed request. Section 301 of the Unemployment Insurance Benefits Regulations provides that “[t]he Agency has the discretionary authority to consider untimely filed requests made under this regulation if it can be shown there are compelling circumstances which justify a reconsideration!,] such as fraud, misconception of facts or any other reason the Agency deems compelling.” Here, the ALJ determined that the appeal should be heard on the merits, and there is nothing in the record to indicate an abuse of discretion. This issue is without merit.
II. Whether the Board of Review’s decision was arbitrary and capricious and against the overwhelming weight of evidence.
¶ 10. Woodland Village contends that the circuit court erred in affirming the Board of Review’s decision, arguing that Nobach’s failure to follow the activities schedule by refusing to recite the Rosary-constituted insubordination, and that No-bach’s violation of the alleged write-up policy constituted misconduct. We disagree.
A. Nobach’s refusal to recite the Rosary did not constitute insubordination.
Ml. The Mississippi Supreme Court has defined misconduct as:
conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee [or] carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer.... Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertence and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion are not considered misconduct within the meaning of the statute.
Gordon, 864 So.2d at 1018 (¶ 19) (quoting Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982)).
*951 ¶ 12. “Insubordination may rise to the level of misconduct on certain occasions.” Gammage v. Miss. Dep’t of Emp’t Sec., 113 So.3d 1294, 1297 (¶ 15) (Miss.Ct. App.2013) (citing Young v. Miss. Emp’t Sec. Comm’n, 754 So.2d 464, 466 (¶ 7) (Miss.1999)). Insubordination is defined as “a constant or continuing intentional refusal to obey a direct or implied order, reasonable in nature, and given by and with proper authority.” Id. at (¶ 13) (citing Gordon, 864 So.2d at 1019 (¶ 27)).
¶ 13. As we have stated, this Court gives great deference to an administrative agency’s findings and decisions, and will not reweigh the facts or attempt to substitute our judgment for that of the agency. The Board of Review’s decision, reads, in part, as follows:
Although insubordination may constitute disqualifying misconduct, Mississippi law has defined insubordination which amounts to disqualifying misconduct as a constant and constituting intentional refusal to obey a direct or implied order, reasonable in nature, and given by an with proper authority. [Shannon Eng’g & Constr., Inc. v. Miss. Emp’t Sec. Comm’n, ] 549 So.2d 446 (Miss.1989). Here, the claimant did not engage in a constant and continuing refusal, but rather refused to participate in the [R]o-sary in an isolated incident. Further, the direction came from her co-worker who did not exercise any authority over the claimant. Accordingly, the employer has not shown that the claimant engaged in any disqualifying misconduct by refusing to participate in the Rosary on September 19, 2009.
¶ 14. Woodland Village failed to produce evidence that Nobach refused to obey a reasonable order given by and with proper authority. The Mississippi Supreme Court has held that an isolated incident is not a constant and continuing refusal. Gore v. Miss. Emp’t Sec. Comm’n, 592 So.2d 1008, 1010 (Miss.1992). Here, Woodland Village has failed to demonstrate that Nobach was guilty of “constant or continuing refusal to obey a direct or implied order.” Id. Nobach’s refusal to recite the Rosary was a single isolated event that does not amount to insubordination under Mississippi law.
B. Woodland Village failed to prove that Nobach was aware of the disciplinary policy.
¶ 15. Woodland Village also argues that Nobach’s violation of the its disciplinary policy constituted misconduct. However, the Board of Review found that Woodland Village did not offer any evidence to show that Nobach was aware of this policy or that this policy was in place at the time of Nobach’s discharge.
¶ 16. Mississippi law provides that employees “shall not be found guilty of misconduct for violation of a rule unless: (1) the employee knew or should have known of the rule; (2) the rule was lawful and reasonably related to the job environment and job performance; and (3) the rule is fairly and consistently enforced.” Gammage, 113 So.3d at 1297 (¶ 14) (quoting Captain v. Miss. Emp’t Sec. Comm’n, 817 So.2d 634, 637 (¶19) (Miss.Ct.App. 2002)).
¶ 17. We have held that “[t]he violation of an established policy of the employer can, in and of itself, constitute willful misconduct. To prove willful misconduct by showing such violation of the policy, the employer must prove both the existence of the policy and the violation thereof by the employee.” Clark, 13 So.3d at 871 (¶ 11) (citing Halbert v. City of Columbus, 722 So.2d 522, 527 (¶ 20) (Miss. 1998)).
*952 ¶ 18. During the hearing, James Williams, Woodland Village’s director of operations, testified that the alleged writeup policy was verbally communicated to the staff. According to Williams, “the administrator passed [the policy] to the department heads and the department heads [conveyed it to] the staff.” Williams stated that he had no knowledge of whether Nobach was informed of the policy. No-bach testified that she was unaware of the policy. In addition to Nobach’s testimony, Lorrie Ann Norris, a former activities supervisor at Woodland Village, testified that the write-up policy was not implemented until after Nobach was discharged.
¶ 19. A review of the record shows that Woodland Village failed to establish the existence of a disciplinary policy or that Nobach was aware of such a policy. Thus we cannot say that the Board of Review’s decision was arbitrary or capricious, or that it was unsupported by the evidence. For these reasons, we affirm the judgment of the Hancock County Circuit Court.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. IRVING, P.J., AND BARNES, J., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. During the hearing before the ALJ, Nobach stated that her refusal to recite the Rosary was based on her religious beliefs as a practicing Jehovah's Witness. Although the issue of whether a denial of benefits resulting from a termination for refusing to recite the Rosary would constitute a violation of the First Amendment to the United States Constitution, which protects the freedom of religion, was addressed in the brief by the Appellee, it was not addressed in the decisions below nor raised by Woodland Village on appeal. *949 Therefore, adhering to our limited standard of review, we will not address that issue here.

. Nobach had received four prior written reprimands for the following conduct: tardiness (February 2009 and July 2009), allegedly taking nail polish from a resident (June 2009), and allegedly making a false accusation against another employee (June 2009).