# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CC-00843-COA

**WILLIE GRACE**                                                    **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF**                                       **APPELLEE**
**EMPLOYMENT SECURITY**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/07/2020 |
| TRIAL JUDGE: | HON. ROBERT THOMAS BAILEY |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES A. WILLIAMS |
| ATTORNEYS FOR APPELLEE: | ALBERT B. WHITE |
| | JAMES RANDALL BUSH |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 10/12/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., WESTBROOKS AND McCARTY, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.     After Willie Grace was discharged by his employer for "misconduct," he filed a claim for unemployment benefits with the Mississippi Department of Employment Security (MDES), which denied his claim. His appeal of the denial of benefits was dismissed as untimely by the administrative law judge (ALJ). The Board of Review upheld the ALJ's decision. Grace then appealed to the Lauderdale County Circuit Court, which affirmed the Board of Review's decision, finding Grace had not shown "good cause" for failing to appeal within the statutory time limit. Aggrieved, Grace requests that we reverse the circuit court's order and remand with instructions to allow his appeal to proceed.

¶2. Finding substantial evidence supports the ALJ's ruling to dismiss the appeal, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶3. Employed by Sunflower Food Stores (Sunflower) for over ten years, Grace was discharged on April 29, 2019, after he had a physical altercation with the store's manager. He filed a claim for unemployment benefits with the MDES. During the investigation of the claim, Grace alleged that the store's assistant manager, "Lauren," had "verbally attacked him and used racial slurs"; so he pushed her. The store, on the other hand, insisted that it had no one named "Lauren in their file and didn't know who the claimant was talking about." Instead, the store said Grace had pushed David, the store's manager.

¶4. The MDES mailed a "Notice of Nonmonetary Determination Decision" to Grace on July 12, 2019, denying his claim for benefits due to his disqualifying "misconduct." The notice stated that if Grace disagreed with the decision, "an appeal or reconsideration must be filed no later than 07/28/2019, which is 14 calendar days from the [d]ate [m]ailed."[1] The notice further informed Grace that he could contact the "MDES for more appeal information" and submit his appeal either: (1) online; (2) by e-mail; (3) by telephone; (4) by fax; or (5) by mail.

¶5. Grace did not file his appeal until September 3, 2019. A telephonic hearing was held with the ALJ on September 18, 2019. After Grace verified that his mailing address was correct and that he had received the MDES's notice, the ALJ questioned Grace as to why his

_____

[1] The disqualification was to "continue until [Grace] ha[s] been reemployed and earned $912.00, which is eight times [his] weekly benefit amount."

appeal was untimely:

> **ALJ**: I'm showing you did not file your appeal until, uh, September 3, 2019. Why did you wait that length of time to file the appeal?

> **GRACE**: I didn't, I didn't; well, I didn't, I came out here [to the Job Center]. They told me to come out here and, uh, I didn't. They said be out here at 9:00 and I was[,] but then after that I wondered (Inaudible), you know, called me back there and opened it back up. I was here just like I am today but I never did get a call.

> **ALJ**: I mean you indicated that you got this letter denying you benefits now, uh, why did you wait almost two (2) months to file your appeal?

> **GRACE**: Well, I just; I came out here. Like I said, they had sent me a letter and told me to meet out here and I did but they never did show up. Didn't nobody never (sic) call me. I was told (Crosstalk)

> **ALJ**: You got a letter telling you that you needed to report to that job center?

> **GRACE**: Yes sir.

> **ALJ**: But as far as, though, the . . . letter that denied you the benefits, uh, that's what we're talking about today now. Whether you reported there or not for them to talk with (Crosstalk) you about why you lost your job, uh, that's another matter. I just want to make sure that, you know, you came in on September 3, 2019. What prompted you to go in on that day or did you call in to file the appeal then? Did you decide to (Crosstalk) try it again or (Crosstalk)

> **GRACE**: Yes sir (Crosstalk) yes sir. I called and filed it again.

The ALJ dismissed Grace's appeal, finding it was not filed "within the time limit prescribed in the law, and good cause for failing to meet that time ha[d] not been established."

¶6.   Grace filed a timely appeal with the Board of Review, which affirmed the ALJ's

3

ruling on October 16, 2019. He then appealed the decision with the circuit court. The court issued its order on July 7, 2020, concluding:

> During the ALJ hearing, Appellant stated that he appeared at the WIN Job Center at a date prior to September 3, 2019, but he never provided what date he allegedly appeared at the Job Center. . . . Appellant also never clarified his purpose for appearing at the Job Center on this unspecified date. In fact, Appellant stated that "he did not know he was denied and he did not know how the process worked." . . . Appellant was given notice of the initial [d]ecision at the correct address, acknowledged receiving the [d]ecision, and failed to provide good cause for his failure to appeal within the statutory time period.

Grace appeals from the circuit court's order, claiming that "a remand to the Board of Review for more evidence is justified and in the alternative that his un-rebutted proof of 'good cause' requires a reversal and remand to the Board of Review with instructions for it to allow his appeal to go forward."

## STANDARD OF REVIEW

¶7. Our Court has a limited review of unemployment compensation cases. *Patterson v. Miss. Dep't of Emp. Sec.*, 316 So. 3d 203, 206 (¶9) (Miss. Ct. App. 2021). "If the Board's findings of fact are supported by substantial evidence, absent fraud, they are conclusive," and we confine our review "to questions of law." *Id*. (citing Miss. Code Ann. § 71-5-531 (Supp. 2019)). "An agency's conclusions must remain undisturbed unless the agency's order: (1) is not supported by substantial evidence, (2) is arbitrary or capricious, (3) is beyond the scope or power granted to the agency, or (4) violates a statutory or constitutional right of the complaining party." *Id*. (quoting *Miss. Dep't of Emp. Sec. v. Good Samaritan Pers. Servs.*, 996 So. 2d 809, 812 (¶6) (Miss. Ct. App. 2008)).

4

¶8.     "A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise." *Dailey v. Miss. Dep't of Emp. Sec.*, 271 So. 3d 715, 717 (¶8) (Miss. Ct. App. 2018) (quoting *Sprouse v. Miss. Emp. Sec. Comm'n*, 639 So. 2d 901, 902 (Miss. 1994)).  Our appellate courts "must not reweigh the facts of the case or insert [their] judgment for that of the agency." *Id*. (quoting *Alexander v. Miss. Dep't of Emp. Sec.*, 998 So. 2d 419, 425 (¶15) (Miss. 2008)).

## DISCUSSION

¶9.     In ruling on Grace's appeal, the ALJ determined:

> Section 71-5-517 of the Mississippi Employment Security Law provides that a claimant or any party to the initial determination or amended initial determination may file an appeal within fourteen (14) days after the date such notification was mailed to the last known address.
>
> In *Wilson vs. Mississippi Department of Employment Security*, 32 So. 3d 1230 (Miss. Ct. App. 2010), the Mississippi Court of Appeals held that the date an appeal is received is the date the appeal is filed, not the date the appeal is postmarked.  The Court further held that there is no evidence that the Mississippi Department of Employment Security has the authority to accept appeals after the fourteen day statutory period.  In reaching its conclusion, the Mississippi Court of Appeals cited *Wilkerson vs. Mississippi Employment Security Commission*, 630 So. 2d 1000, 1002 (Miss. 1994), in which the Mississippi Supreme Court held that the fourteen day time period as set by statute is to be strictly construed.

Because Grace did not file his appeal within the fourteen-day time limit and failed to establish "good cause for failing to meet that time limit," the ALJ ruled that the MDES decision was final and dismissed Grace's appeal.  The circuit court later found the ALJ's ruling was supported by substantial evidence.

¶10.    Grace argues that the ALJ's decision and the circuit court's order were in error

5

because he presented unrebutted evidence of "good cause" for not appealing within the fourteen-day time limit. Specifically, he contends that "[t]he record clearly supports an inference that [he] appeared at the Meridian office of [the] MDES to file an appeal, but he was not given the assistance[] his Notice had told him he would get." Therefore, he requests that this Court reverse and render the ALJ's decision or, alternatively, that we remand so the Board of Review "may order the taking of additional evidence under the authority of [Mississippi Code Annotated section] 71-5-523."[2]

¶11. As the ALJ noted in his decision, the fourteen-day time limit for Grace's appeal of the "Notice of Nonmonetary Determination Decision" is set forth in Mississippi Code Annotated section 71-5-517 (Supp. 2012), which provides in part, "The claimant . . . may file an appeal from such initial determination or amended initial determination within fourteen (14) days after notification thereof, or after the date such notification was sent to his last known address." Our Court has held, "This fourteen-day time period is to be strictly construed[.]" *Good Samaritan*, 996 So. 2d at 813 (¶10). However, "the fourteen-day time period may be relaxed or extended if there is a showing of 'good cause' by the appellant that the mailing to the last known address was not 'reasonably calculated, under all the circumstances, to apprise' the party of the decision." *Id.*

---

[2] Mississippi Code Annotated section 71-5-523 (Supp. 2012) provides in pertinent part:

> The Board of Review may on its own motion affirm, modify, or set aside any decision of an appeal tribunal on the basis of the evidence previously submitted in such case, or direct the taking of additional evidence, or may permit any of the parties to such decision to initiate further appeals before it."

6

¶12. Before addressing the circuit court's ruling, we first note Grace's inference in his brief that Sunflower may have waived the issue of his untimely appeal. Specifically, he comments on Sunflower's failure to appear at the ALJ hearing, and he cites *Woodland Village Nursing Center LLC v. Mississippi Department of Employment Security*, 138 So. 3d 946, 950 (¶8) (Miss. Ct. App. 2013), a case in which we recognized that "the timeliness of an appeal from a claims examiner's initial determination to the ALJ is nonjurisdictional, and hence, it is a waivable issue." *See also Brown v. Miss. Dep't of Emp. Sec.*, 29 So. 3d 766, 772 (¶17) (Miss. 2010) (finding claimant had waived the timeliness issue by not raising it before the ALJ). These cases are readily distinguishable from the present case. In *Woodland*, 138 So. 3d at 950 (¶7), the ALJ had determined there was good cause for the untimely appeal; in *Brown*, 29 So. 3d at 768 (¶5), the ALJ found the appeal was timely. Here, the notice for the hearing explicitly informed Grace and Sunflower that the sole issue to be considered was "WHETHER THE APPEAL WAS TIMELY FILED TO THE ADMINISTRATIVE LAW JUDGE; SECTION 71-5-519, MISSISSIPPI EMPLOYMENT SECURITY LAW." Therefore, both parties were advised of the issue to be addressed and were "urged to participate in the hearing"; so Sunflower was not required to appear but would have simply waived any right to rebut Grace's evidence. Grace's evidence, however, proved that the appeal was untimely. We find there was no issue of waiver in this instance.

¶13. Furthermore, we agree with the circuit court's finding that the evidence supports the dismissal of the appeal. Grace acknowledged that he received the notice. Although Grace alleged that he went to the job center prior to the deadline, he never specified the date of his

7

visit; nor did he definitively state that he went there on that unspecified date to file his appeal. Additionally, Grace acknowledged that he left the job center without filing his notice of appeal and then waited approximately thirty-eight days before filing the appeal. Thus, failing to rebut the presumption in favor of the MDES, we find there was substantial evidence to support the ALJ's decision to dismiss Grace's appeal, and we affirm.

¶14. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**